■ In the Matter of JUNIE KERNISAN, Appellant, v PAMELA TAYLOR, Respondent.—In a proceeding pursuant to 14 NYCRR 27.9 for a judgment authorizing the involuntary administration of medication, the petitioner appeals from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Duberstein, J.) entered July 27, 1989, as, despite granting the petition, granted the respondent's motion for the imposition of a sanction against the petitioner.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, without costs or disbursements, and the motion for the imposition of a sanction against the petitioner is denied.

The respondent is an involuntarily-committed psychiatric

patient who refused to be treated with antipsychotic medication. During the course of the hearing (see, Rivers v Katz, 67 NY2d 485; see also, Mental Hygiene Law § 33.03; 14 NYCRR 527.8 [c]) on the petitioner's subsequently-granted application for authorization to administer the medication, a physician witness acknowledged that "routine blood work" (14 NYCRR 527.8 [a] [6]) had been conducted without the respondent's consent the day before. Ruling that "[w]e don't take people and forcibly hold them down" and finding that the petitioner "could have" included a request to draw blood in the present petition and "waited another day", the Supreme Court granted the respondent's counsel's oral request for a "sanction".

Exercise of the Supreme Court's power to punish for contempt, e.g., for violation of its own orders (see, Judiciary Law art 19) is not at issue here. Moreover, a court may not impose a sanction on a litigant or an attorney absent a statute or rule granting the power to do so (see, Matter of A.G. Ship Maintenance Corp. v Lezak, 69 NY2d 1). While other remedies may be available, no statute or rule authorizes the imposition of a sanction for violation of a patient's right, limited or otherwise (see, Youngberg v Romeo, 457 US 307, 320-328), to determine what is done with his or her own body (see, Rivers v Katz, supra, at 492; cf., McWilliams v Catholic Diocese, 145 AD2d 904).

The respondent's contention that 22 NYCRR part 130 concerning the imposition of sanctions for "frivolous conduct" in civil litigation provides authority for the sanction imposed here is without merit. The intent of that regulatory scheme is to prevent the waste of judicial resources and to deter vexatious litigation and dilatory or malicious litigation tactics (cf., Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church v 198 Broadway, 76 NY2d 411; see, Steiner v Bonhamer, 146 Misc 2d 10). No such conduct was at issue here. The sanction was thus unauthorized and is accordingly vacated. Bracken, J. P., Kunzeman, Kooper and Harwood, JJ., concur.