Eugene W. **ALPERN**, Plaintiff–Appellant,

v.

Phillip S. **LIEB**, Allen S. Gabe, and Phyllis Alpern, Defendants–Appellees.

Nos. 92–2035, 92–3501.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 27, 1993.

Decided Dec. 7, 1993.

Eugene W. Alpern, pro se.

Robert G. Toews, Office of the Atty. Gen., Chicago, IL, Joan S. Cherry, Asst. State's Atty., Chicago, IL, for Philip S. Lieb.

Rosalyn B. Kaplan, Asst. Atty. Gen., Robert K. Blain, Chicago, IL, for Allen S. Gabe.

Robert K. Blain, Chicago, IL, for Phyllis Alpern.

Before POSNER, Chief Judge, and CUMMINGS and BAUER, Circuit Judges.

POSNER, Chief Judge.

The plaintiff filed a suit in the district court, which was dismissed as frivolous; and he has appealed. The defendants filed a motion in the district court for sanctions under Fed.R.Civ.P. 11. The motion was granted, and the plaintiff ordered to pay $3,350 to the defendants in attorney's fees as the sanction for filing a frivolous suit; the plaintiff has appealed this order too. While the appeals were pending, the plaintiff filed a petition for bankruptcy under Chapter 7 of the Bankruptcy Code, and he has now moved us to stay both appeals pursuant to 11 U.S.C. § 362, the automatic-stay provision. No trustee has been appointed, and the debtor has been proceeding both in the district court and in this court pro se.

690

■ The appeal from the dismissal of the plaintiff's suit is not subject to the automatic stay, because the suit was filed by rather than against the debtor. *Martin–Trigona v. Champion Federal Savings & Loan Ass'n,* 892 F.2d 575, 577 (7th Cir.1989); *Carley Capital Group v. Fireman's Fund Ins. Co.,* 889 F.2d 1126 (D.C.Cir.1989) (per curiam). Although for purposes of appeal the ruling on a Rule 11 motion is a "separate judicial unit," *Cassidy v. Cassidy,* 950 F.2d 381, 382 (7th Cir.1991)—which is why there are two appeals before us—it does not necessarily follow that the motion should be treated for purposes of the automatic stay as a suit against the debtor (we can find no cases on the point). But probably it should be. The concern behind the automatic stay is that until the appointment of a trustee, the debtor may lack an adequate incentive to defend the suits against him; and once the trustee is appointed, he should be allowed to concentrate on marshaling the debtor's assets and preparing a plan of liquidation without the distraction of defending against a flurry of last-minute suits by disappointed creditors. *Martin–Trigona v. Champion Federal Savings & Loan Ass'n, supra,* 892 F.2d at 577; *In re Holtkamp,* 669 F.2d 505, 507 (7th Cir. 1982); *Maritime Electric Co. v. United Jersey Bank,* 959 F.2d 1194, 1204 (3d Cir.1991). This concern argues in favor of treating the Rule 11 motion and resulting appeal as if it were a separate action against the debtor.

■ But we agree with the defendants that a proceeding to impose sanctions under Rule 11 is exempt from the automatic stay, pursuant to 11 U.S.C. § 362(b)(4), which exempts actions brought pursuant to governmental police or regulatory powers. *Papadakis v. Zelis,* 230 Cal.App.3d 1385, 282 Cal. Rptr. 18, 21–22 (1991); *O'Brien v. Fischel,* 74 B.R. 546, 550 (D.Haw.1987); but see *In re Revere Copper & Brass, Inc.,* 29 B.R. 584, 587–88 (Bankr.S.D.N.Y.1983). We have found no federal appellate decisions on the question. Closest is *Wade v. State Bar of Arizona,* 948 F.2d 1122 (9th Cir.1991) (per curiam), which held that attorney disciplinary proceedings instituted by the state bar are exempt under this provision from the automatic stay. It is not very close, because section 362(b)(4) speaks of the "commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power," and the motion for Rule 11 sanctions was filed by a private person. We do not think this is conclusive against the application of section 362(b)(4), but it suffices to distinguish *Wade.*

Rule 11 is not a simple fee-shifting provision, designed to reduce the net cost of litigation to the prevailing party. Compare 42 U.S.C. § 1988. It directs the imposition of sanctions for unprofessional conduct in litigation, and while the form of sanction is often and was here an order to pay attorney's fees to the opponent in the litigation, it is still a sanction, just as an order of restitution in a criminal case is a sanction even when it directs that payment be made to a private person rather than to the government. The Rule 11 sanction is meted out by a governmental unit, the court, though typically sought by a private individual or organization—a nongovernmental litigant, the opponent of the litigant to be sanctioned. There is no anomaly, given the long history of private enforcement of penal and regulatory law. The private enforcer, sometimes called a "private attorney general," can be viewed as an agent of the "governmental unit," the federal judiciary, that promulgated Rule 11 in order to punish unprofessional behavior. The fact that the sanction is entirely pecuniary does not take it out of section 362(b)(4). *In re Commonwealth Cos.,* 913 F.2d 518, 522–23 (8th Cir.1990).

A litigant should not be allowed to delay the imposition of sanctions indefinitely by the expedient of declaring bankruptcy. Allowing him to do so would not only increase the number of bankruptcy filings but also create incentives for unprofessional conduct in litigation by firms or individuals teetering on the edge of the bankruptcy abyss.

The motion to stay the appeals is

DENIED.