76 F.3d 370
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Emil Prescott DILL, Plaintiff, Appellant,
v.
UNIVERSITY OF MAINE AT FARMINGTON, Defendant, Appellee.
 No. 95-1839.
 United States Court of Appeals, First Circuit.
 Feb. 7, 1996.
 
 Emil Prescott Dill on brief pro se.
 Before TORRUELLA, Chief Judge, BOUDIN and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 The district court dismissed plaintiff-appellant's complaint for declaratory relief under 42 U.S.C. § 1983, because plaintiff failed to allege a civil rights violation in the defendant's refusal to certify a transcript of his college course work after he defaulted on a student loan. Plaintiff offers no reasoned support for his § 1983 claim in this court. Issues raised, but not supported in an appellant's brief are deemed abandoned. Brown v. Trustees of Boston Univ., 891 F.2d 337, 352 (1st Cir.1989).
 
 
 2
 Plaintiff now theorizes that he is entitled to a certified transcript by virtue of Chapter 13 of the Bankruptcy Code. He states that he has filed for bankruptcy protection in a district court in Pennsylvania.[1] This claim, and a vague statutory debt collection claim which he also raises for the first time on appeal, are not properly before us because they were not presented below. See United States v. La Guardia, 902 F.2d 1010, 1013 (1st Cir.1990). The proper forum for a debtor seeking relief in bankruptcy generally is in the district court where his petition has been filed. See 28 U.S.C. §§ 1334(a)(e).
 
 
 3
 The judgment below is affirmed.
 
 
 
 [1]
 Appellant does not seek a stay of this appeal and it is not subject to an automatic stay under 11 U.S.C. § 362, because the action was filed by, rather than against, the debtor. See Alpern v. Lieb, 11 F.3d 689, 690 (7th Cir.1993)