In re Jerome BERG, Debtor.

Jerome BERG, Appellant,

v.

GOOD SAMARITAN HOSPITAL, Appellee.

BAP No. NC–95–1537–RMuMe.

Bankruptcy No. 93–32500–DM.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on March 15, 1996.

Decided April 11, 1996.

Jerome Berg, San Francisco, CA, for appellant.

Mike C. Buckley, Oakland, CA, for appellee.

Before RUSSELL, MUND [1], and MEYERS, Bankruptcy Judges.

## OPINION

RUSSELL, Bankruptcy Judge:

The district court for the Northern District of California dismissed the plaintiff's case on summary judgment, awarded the defendants (appellees) their costs and attorneys' fees in defending the lawsuit and sanctioned the plaintiff's attorney (appellant/debtor) pursuant to Fed.R.Civ.P. 11.[2] The plaintiff's attorney appealed all four (4) orders. During the pendency of the appeal, the plaintiff's attorney filed for chapter 11 [3] relief.

The Ninth Circuit Court of Appeals affirmed the district court and *sua sponte* ordered the plaintiff's attorney to pay the defendants' fees and costs in connection with the appeal pursuant to Fed.R.App.P. 38.[4]

---

1. Hon. Geraldine Mund, Bankruptcy Judge for the Central District of California, sitting by designation.

2. Fed.R.Civ.P. 11 provides in relevant part:
   **Rule 11. Signing of Pleadings, Motions, and Other Papers; Representations to Court; Sanctions**
   . . . .
   (c) **Sanctions.** If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

3. Unless otherwise indicated, all Chapter, Section and Rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

4. **Rule 38. Damages and Costs for Frivolous Appeals**

   If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

One of the defendants moved for relief from the stay to liquidate its claim arising from the sanctions. The bankruptcy court determined that the stay did not apply to the appellate court's imposition of sanctions pursuant to § 362(b)(4)[5] and, alternatively, granted the defendant's motion for relief from the stay on the ground that there was sufficient cause to retroactively annul the stay and to permit the defendant to liquidate its claim. The debtor appeals. We AFFIRM.

## I. FACTS

On August 29, 1988, the Medical Staff Executive Committee of The Good Samaritan Hospital of the Santa Clara Valley ("Hospital") terminated the medical practice privileges of Dr. John Smith. Smith sued the Hospital and twenty-six (26) other defendants, including the Hospital's Board of Directors, for alleged violations of the Sherman Antitrust Act, 15 U.S.C. §§ 1 and 2, and the Clayton Antitrust Act, 15 U.S.C. § 15. Attorney Jerome Berg ("Berg" or "debtor") represented Smith in the lawsuit.

In a published opinion, *Smith v. Ricks*, 798 F.Supp. 605 (N.D.Cal.1992), *aff'd*, 31 F.3d 1478 (9th Cir.1994), *cert. denied*, — U.S. ——, 115 S.Ct. 1400, 131 L.Ed.2d 287 (1995), the United States District Court for the Northern District of California ("district court") granted summary judgment in favor of the defendants, holding that the defendants were immune from antitrust liability pursuant to the Health Care Quality Improvement Act of 1986 ("Act"), 42 U.S.C. §§ 11101–11152 (West 1988 & Supp.1993).

Pursuant to § 11113[6] of the Act, the defendants requested their attorneys' fees and costs in defending the lawsuit.

In June 1992 and October 1992, the district court issued separate orders awarding the defendants' attorneys' fees and costs in defending the action and referred the matter to a Magistrate Judge to determine the amount of fees and costs. On February 17, 1993, the district court also sanctioned Berg $2,000 pursuant to Fed.R.Civ.P. 11 for filing a frivolous pleading. Berg appealed all four of the district court's orders (collectively "appeal") to the Ninth Circuit Court of Appeals.

On September 9, 1993, Berg filed for chapter 11 bankruptcy relief and shortly thereafter converted his bankruptcy case to chapter 13. Berg sent the Hospital a copy of the face page of his bankruptcy petition. However, Berg did not notify the Ninth Circuit or any other court of his bankruptcy filing. The appeal proceeded through the briefing stage and oral argument was held in April 1994.

On August 11, 1994, the Ninth Circuit affirmed the district court in a published opinion, *Smith v. Ricks*, 31 F.3d 1478 (9th Cir.1994). The Hospital requested fees and costs against Smith in connection with the appeal pursuant to § 11113 of the Act which authorized the court to award fees and costs against another party. After concluding that Berg, not the plaintiff, was at fault for prosecuting the frivolous appeal, the Ninth Circuit *sua sponte* imposed sanctions against Berg pursuant to Fed.R.App.P. 38. The Ninth Circuit remanded the matter to the district

---

**5. § 362. Automatic stay.**

. . . .

(b) The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay—

. . . .

(4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

. . . .

**6. § 11113. Payment of reasonable attorneys' fees and costs in defense of suit**

In any suit brought against a defendant, to the extent that a defendant has met the standards set forth under section 11112(a) of this title and the defendant substantially prevails, the court shall, at the conclusion of the action, award to a substantially prevailing party defending against any such claim the cost of the suit attributable to such claim, including a reasonable attorney's fee, if the claim, or the claimant's conduct during the litigation of the claim, was frivolous, unreasonable, without foundation, or in bad faith. For the purposes of this section, a defendant shall not be considered to have substantially prevailed when the plaintiff obtains an award for damages or permanent injunctive or declaratory relief.

court to determine the amount of fees and costs to be awarded.[7]

The debtor filed numerous applications contesting the imposition of sanctions by the Ninth Circuit, including a request for a hearing *en banc.* In response, the Ninth Circuit reconsidered its order and reaffirmed the sanctions. On December 30, 1994, the debtor filed a petition for a *writ of certiorari* with the United States Supreme Court. On March 27, 1995, the writ was denied.

It is undisputed that Berg did not disclose in any of his pleadings to either the Ninth Circuit or to the Supreme Court that he had filed bankruptcy, nor did he argue that the sanctions had been imposed in violation of the stay.

On April 20, 1995, before the district court entered a final judgment on the amount of the sanctions, the Hospital filed a motion seeking relief from the stay. Specifically, the Hospital requested *nunc pro tunc* relief to validate the Ninth Circuit's imposition of sanctions and permission to liquidate its claim by allowing the district court to enter a final order on the amount of the fees and costs. The debtor filed an opposition and a motion to vacate the sanctions order on the grounds that the Ninth Circuit's order imposing sanctions was entered in violation of the stay.

After a hearing on May 11, 1995, the bankruptcy court entered its order granting the Hospital's motion. The debtor appeals in *propria persona.*

## II. ISSUES

A. Whether the imposition of sanctions by a court pursuant to Fed.R.App.P. 38 is exempted from the stay under § 362(b)(4).

B. Whether the bankruptcy court abused its discretion in granting the Hospital *nunc pro tunc* relief from the stay and allowing the Hospital to liquidate its claim.

## III. STANDARD OF REVIEW

■ The determination that a particular action is exempt from the stay is a question of law reviewed *de novo. In re Wade,* 115 B.R. 222, 225 (9th Cir. BAP 1990), *aff'd,* 948 F.2d 1122 (9th Cir.1991).

■ The bankruptcy court's decision to grant relief from the stay is reviewed for an abuse of discretion. *In re Jewett,* 146 B.R. 250, 251 (9th Cir. BAP 1992).

## IV. DISCUSSION

The debtor's principal argument is that he was denied his rights to due process because the Ninth Circuit violated its General Order 10.9 [8] by not allowing the debtor an opportu-

---

**7.** The district court awarded the defendants $107,743.00 in fees and $3,166.21 in costs. Thus, the total amount of Fed.R.App.P. 38 sanctions imposed against Berg was $110,909.21.

**8.** General Order 10.9 of the United States Court of Appeals for the Ninth Circuit provides in relevant part:

**10.9. Sua Sponte Imposition of·Sanctions**
a. Sanctions Imposed Against Counsel or a Party

Sanctions may be imposed against counsel or a party for conduct that violates the Federal Rules of Appellate Procedure, the Circuit Rules, orders or other instructions of the court, the rules of professional conduct or responsibility in effect where counsel maintains his or her principal office or as authorized by statute. If sanctions appear to be warranted, the following procedures shall apply.

The duty judge may issue an order to show cause that directs the litigant to pay a sanction in the amount determined by the court or to show cause why such sanctions would be unwarranted. The order shall state the grounds for such sanctions, the authority under which

such sanctions are authorized, whether the sanction would be imposed against counsel, a party or both, and the date upon which a response shall be filed. Any reply to a response shall be filed within seven days from service of the response. Upon review of the response and reply, if any, the judge may deem the order to be discharged or may refer the response to the merits panel or motions panel for an evaluation as to the propriety of sanctions. All dispositions in which orders to show cause have been issued shall specifically address any response or failure to respond to the order.

A motions or merits panel may issue an order to show cause that directs a litigant to pay a sanction in the amount determined by the court or to show cause why such sanctions would be unwarranted. The order shall state the grounds for such sanctions, the authority under which such sanctions are authorized, whether the sanction would be imposed against counsel, a party or both, and the date upon which a response shall be filed. Any reply to a response shall be filed within seven

nity to defend against the sanctions. The debtor argues that to remedy this situation, this Panel should conduct a *de novo* hearing on the Fed.R.App.P. 38 sanctions. According to the debtor, the Panel has jurisdiction to conduct such a review because it is a court of equity and should have the authority to review any order that has an impact upon the bankruptcy system. The debtor contends that the impact in this case will be particularly egregious because the sanctions will allegedly result in an overwhelmingly large administrative expense to the estate.

The debtor also argues that the bankruptcy court erred in determining that the imposition of sanctions by a court is exempted from the stay pursuant to § 362(b)(4) because the sanctions imposed by the Ninth Circuit served a private pecuniary purpose and, therefore, the § 362(b)(4) exception to the stay does not apply. Assuming *arguendo* that the stay applied, the debtor asserts that the bankruptcy court abused its discretion in granting the Hospital retroactive relief from the stay because the debtor would be distracted from reorganizing if the defendant were allowed to liquidate its claim.

In response to the debtor's due process argument, the Hospital contends that the award was proper and the debtor was not denied due process. Moreover, the Hospital asserts that the debtor has exhausted his opportunity for review of the Ninth Circuit's order imposing the sanctions.

The Hospital also contends that the court's imposition of sanctions falls within the § 362(b)(4) exception to the stay. In the alternative, the Hospital argues that the bankruptcy court did not abuse its discretion in annulling the stay *nunc pro tunc* and allowing the Hospital to liquidate its claim, given that the violation of the stay, if any, was the result of a *sua sponte* action by the Ninth Circuit, not the result of any action by the Hospital. In addition, the Hospital notes that the debtor did not inform the Ninth Circuit of his bankruptcy filing until after he had lost the appeal and he did not argue that

days from service of the response. Upon review of the response and reply, if any, the panel may deem the order to be discharged or may impose the sanction. No order to show

the sanctions were imposed in violation of the stay until after the Hospital sought permission from the bankruptcy court to liquidate its claim.

A. *Sanctions Imposed by a Court Pursuant to Fed.R.App.P. 38*

1. *Exemption From the Stay Pursuant to § 362(b)(4)*

■ Section 362(b)(4) exempts from the automatic stay, imposed pursuant to § 362(a), the commencement or continuation of an action or proceeding by a governmental unit to enforce a police or regulatory power. In determining whether a particular action falls within the government police or regulatory power exception, courts generally apply the "public policy test" and the "pecuniary purpose test". *N.L.R.B. v. Continental Hagen Corp.*, 932 F.2d 828, 833 (9th Cir.1991); *see also In re Commerce Oil Co.*, 847 F.2d 291, 295 (6th Cir.1988).

■ The "public policy exception" requires the bankruptcy court to distinguish between proceedings that effectuate public policy and those that adjudicate private rights. *N.L.R.B.*, 932 F.2d at 833. Under the "pecuniary purpose test" the bankruptcy court's inquiry is whether the action relates to a matter of public safety and health or primarily to the protection of the government's pecuniary interest in the debtor's property. *Id.*

Relying on the (b)(4) exception, several courts have held that a court's imposition of sanctions against an attorney is not stayed by the debtor's bankruptcy filing. *Alpern v. Lieb*, 11 F.3d 689 (7th Cir.1993) (Fed. R.Civ.P. 11 sanctions not stayed); *O'Brien v. Fischel*, 74 B.R. 546, 551 (D.Haw.1987) (same); *In re Betts*, 165 B.R. 233, 241 (Bankr.N.D.Ill.1994) (same); *Papadakis v. Zelis*, 230 Cal.App.3d 1385, 1389, 282 Cal. Rptr. 18 (1991) (same).

In the instant case, the bankruptcy court concluded that the stay did not apply to the Ninth Circuit's *sua sponte* imposition of sanctions pursuant to § 362(b)(4) and relied, in

cause need be issued if a party requests the imposition of sanctions in a motion or brief to which the party opposing sanctions has an opportunity to respond.

part, on the opinion of the Seventh Circuit Court of Appeals ("Seventh Circuit") in *Alpern v. Lieb*, 11 F.3d 689 (7th Cir.1993).[9]

In *Alpern*, the district court dismissed the plaintiff's lawsuit as frivolous. Thereafter, the defendants filed a motion for sanctions pursuant to Fed.R.Civ.P. 11. The district court granted the motion for sanctions. The plaintiff appealed both the order of dismissal and the order imposing sanctions. During the pendency of the appeals, the plaintiff filed for chapter 7 relief and filed a motion to stay the appeal of the district court's order of dismissal and the separate order imposing sanctions.

The Seventh Circuit determined that the appeal from the dismissal of the debtor's suit was not subject to the stay because the debtor (i.e., plaintiff) had initiated the lawsuit. *Alpern*, 11 F.3d at 690. With respect to the appeal of the sanctions order, the Court of Appeals held that a proceeding to impose Fed.R.Civ.P. 11 sanctions was exempt from the stay under § 362(b)(4) as an act performed pursuant to governmental police or regulatory power even though the district court ordered the debtor to pay the sanctions directly to his opponent and the sanctions were entirely pecuniary. *Id.* (*citing In re Commonwealth Cos., Inc.*, 913 F.2d 518, 522–

23 (8th Cir.1990) (applying § 362(b)(4) even if money damages are the only relief sought)).

The Seventh Circuit also stated that even though money damages were the only remedy sought or the only sanction imposed, this fact did not take the court's action out of the government exception to the stay. *Id.* In addition, the Court noted that despite the fact that the sanctioned party may have been required to pay attorney's fees and costs to a private individual, it remained that the order imposing the sanctions was meted out by a government unit for the purpose of combating attorney misconduct and did not serve to adjudicate private rights. *Id.*

Similar to the district court's (i.e., the sanctioning court's) order which was on appeal in *Alpern*, the Ninth Circuit's order imposed only monetary sanctions and required Berg to pay the Hospital directly. The debtor contends these facts indicate that the sanctions served a private pecuniary purpose and, therefore, the action did not fall within the (b)(4) exception. We disagree with the debtor and adopt the reasoning in *Alpern*.[10]

Despite the monetary nature of the sanctions and the fact that the sanctions were paid to a private individual, the (b)(4) exception still applies.[11] *Alpern*, 11 F.3d at 690

---

9. We note that the bankruptcy court also expressed an alternative ruling that the stay did not apply to Hospital's attempt to liquidate its claim because the claim arose post-petition.

    The critical date for determining whether the Hospital's claim arose prepetition is the date the debtor filed the notices of appeal. In this case, the debtor appealed four (4) separate district court orders. It is not clear from the record whether all the notices were filed before the debtor filed his bankruptcy petition on September 9, 1993.

    While the issue of when the Hospital's claim arose may become relevant in the context of a dischargeability proceeding, it is not germane to the outcome of this Panel's decision. If the notices of appeal were filed before the debtor filed bankruptcy, this would give the Hospital a prepetition claim and the stay would not apply because the Ninth Circuit's imposition of sanctions would fall within the § 362(b)(4) exception. Alternatively, if the notices of appeal were filed after the debtor filed his chapter 11 petition, then the claim would have arisen postpetition and the stay would not apply.

10. Although we recognize that certain factors distinguish the instant case from *Alpern*, these

differences are not material to our holding in this case.

    Specifically, this case is distinguishable from *Alpern* because *Alpern* involved a motion for sanctions brought by one of the parties. Here, the Ninth Circuit imposed the sanctions against the debtor *sua sponte*. However, this distinction makes the instant case an even stronger example of a government action than *Alpern*.

    In addition, the instant sanctions were imposed pursuant to Fed.R.App.P. 38 as opposed to the sanctions in *Alpern* which were imposed pursuant to Fed.R.Civ.P. 11. However, due to the similarity between Fed.R.Civ.P. 11 and Fed.R.App.P. 38, this distinction is immaterial to our analysis. *See Lyddon v. Geothermal Properties, Inc.*, 996 F.2d 212, 214 (9th Cir.1993).

11. Not all sanctions or civil penalties imposed by a government unit pass the pecuniary purpose test. Sanctions which are essentially a restitution order may not be within the § 362(b)(4) public policy exception. *In re Poule*, 91 B.R., 83, 87 (9th Cir. BAP 1988) (concluding that the Registrar of Construction's assessment of civil penalties against the debtor was within the

(*citing Commonwealth Cos.*, 913 F.2d at 522–23). The Ninth Circuit ordered the Fed. R.App.P. 38 sanctions as a means of reprimanding what the Court perceived as attorney misconduct in an effort to uphold the integrity of the judicial system. This action fell squarely within the police or regulatory function of the Court and, therefore, is not subject to the stay. *Alpern*, 11 F.3d at 690; *see also Wade*, 948 F.2d at 1124 (proceedings by a state bar association aimed at disciplining attorneys are exempted from the stay as an exercise of a police or regulatory function); *In re McAtee*, 162 B.R. 574, 578 (Bankr.N.D.Fla.1993) (same).

### 2. *Due Process Considerations*

■ Instead of discussing the merits of whether the stay applied to the Ninth Circuit's sanctions order and the application of *Alpern* to the instant case, the debtor persistently contends that he was sanctioned without notice and, therefore, he was denied due process. This argument is based on the debtor's assertion that the Ninth Circuit failed to comply with its General Order 10.9 concerning the *sua sponte* imposition of sanctions.

■ Review of an order of the Ninth Circuit by this Panel or the bankruptcy court would be, as the bankruptcy court stated, "the ultimate presumption", and it is beyond our jurisdiction to conduct a *de novo* review of that order. Under the structure of our court system, review of an unfavorable Circuit Court of Appeals decision may only be reviewed by either the Circuit voting to hear the case *en banc* or by the Supreme Court granting a *writ of certiorari*. The record reflects that the debtor has already sought both of these opportunities for review and, therefore, he has exhausted his opportunity for appealing the Fed.R.App.P. 38 sanctions.

### B. *Retroactive Relief From the Stay Pursuant to § 362(d)(1)*

■ After notice and a hearing, a bankruptcy court has the authority to terminate, annul, or modify the stay for cause on request of a party in interest. § 362(d)(1). This authority may be exercised retroactively to validate actions taken by a party at a time when it was unaware of the stay. *In re Schwartz*, 954 F.2d 569, 572 (9th Cir.1992). In the instant case, the bankruptcy court alternatively granted the Hospital *nunc pro tunc* relief from the stay to validate the sanctions order imposed by the Ninth Circuit.

On appeal, the debtor contends that allowing the Hospital to liquidate its claim could potentially distract the debtor from the task of reorganizing. According to the debtor, the bankruptcy court abused its discretion in granting the Hospital's motion for relief from the stay by failing to adequately consider that the Hospital's liquidation of its claim would be a distraction to the debtor's attempts to reorganize. In support of his "distraction factor" argument, the debtor relies on *Celotex Corp. v. Edwards*, —— U.S. ——, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995).

Although the bankruptcy court issued an alternative ruling and granted the Hospital retroactive relief from the stay, we decline to address that ruling here in view of the fact that we have determined that the stay did not apply pursuant to § 362(b)(4).[12]

## V. CONCLUSION

The Ninth Circuit's imposition of sanctions against a debtor attorney pursuant to Fed. R.App.P. 38 falls within the governmental police or regulatory power exception to the stay pursuant to § 362(b)(4). Accordingly, we AFFIRM.

---

§ 362(b)(4) exception, but that the agency's order of correction was not).

**12.** We note, however, that these facts appear to present a strong case for annulling the stay *nunc*

*pro tunc* given that the debtor had the opportunity to inform the Ninth Circuit that he had filed for bankruptcy relief, but failed to do so until after the Court had imposed the Fed.R.App.P. 38 sanctions.