OPINION OF THE COURT
John P. DiBlasi, J.
In this action brought by plaintiff, an Administrative Law *200 Judge for the New York State Department of Housing and Community Renewal, this court rendered a decision entered July 15, 1998 which imposed sanctions pursuant to 22 NYCRR 130-1.1 in the amount of $5,000 against plaintiff for continuing to prosecute this action even after it was apparent that it was entirely frivolous (the Sanction Decision). Now before the court is plaintiffs motion to vacate the Sanction Decision on the ground that all proceedings related to defendants’ motion for the imposition of sanctions were stayed upon his commencement of a personal bankruptcy proceeding. Although this court’s research has not disclosed the existence of any reported decision on this issue by a court of this State, based upon its analysis of the decisions of several Federal courts and one sister State court, this court rejects plaintiffs position and concludes that the automatic stay provisions of the Bankruptcy Code (11 USC) have no impact upon the issuance of the Sanction Decision.
Factual Background
As set forth more fully in the Sanction Decision, plaintiff commenced this action against his sister, Lenore Janis, and his brother, David Janis (together, defendants), claiming that Lenore Janis had violated her duty to plaintiff as the trustee of a trust of which plaintiff was a beneficiary. Specifically, plaintiff contended that Lenore Janis improperly used plaintiffs inheritance to satisfy a mortgage on a cooperative apartment that was transferred to him by his mother.
During the presentation of plaintiffs case-in-chief, it became immediately apparent that the evidence “clearly supported defendant [s’] position that [Lenore Janis] had withdrawn the funds from the [t]rust and satisfied the mortgage solely at plaintiffs request and in order to prevent him from losing the [cooperative] [a]partment in foreclosure” (Sanction Decision, at 2). Based upon that evidence the court concluded that plaintiffs case was entirely frivolous.
Following the dismissal of this action with prejudice based upon plaintiffs failure to appear to continue testifying on cross-examination, defendants’ counsel made an oral application for the imposition of sanctions. The court directed that defendants file a written motion if they intended to proceed with that request for relief.
In the Trial Assignment Part of this court on the return date of defendants’ motion for the imposition of sanctions and costs against plaintiff (the Sanction Hearing), his counsel repre *201 sented to the court that plaintiff had recently commenced a chapter 13 (11 USC) bankruptcy proceeding which, he contended, stayed all proceedings in this action. Since plaintiffs counsel had no documentary evidence to support the assertion that plaintiff had filed for bankruptcy, the court directed him to submit such proof. Nevertheless, as noted in the Sanction Decision, “in the interest of judicial economy, [plaintiffs] attorney was also given the opportunity to be heard” on the sanctions motion (Sanction Decision, at 4). He declined to offer any oral argument, but opted to rely upon the papers he submitted on the motion.
On July 15, 1998, when the court had not seen any proof of the bankruptcy filing, it issued the Sanction Decision.[1] Ajmong the directives included in the Sanction Decision was one which ordered plaintiff to pay the $5,000 sanction to the Lawyers’ Fund for Client Protection within 10 days of the date of entry of that decision and order.
Plaintiffs Motion
Representing himself on this motion, plaintiff seeks an order vacating the Sanction Decision. In support of this position, he argues that under the provisions of 11 USC § 362 (a), the proceedings related to sanctions were automatically stayed upon his filing of his personal bankruptcy petition. In addition to the vacatur of the Sanction Decision, plaintiff seeks an order “withdraw [ing] [that decision and order] pending the resolution of [his] Chapter 13 proceeding”, which he asserts is still ongoing at this time (plaintiffs affidavit, at 7).
Plaintiffs moving papers do not include any memorandum of law or any legal analysis beyond his interpretation of 11 USC § 362 (a) itself. Rather, he bases his position upon the general proposition that under 11 USC § 362 (a), all proceedings against a debtor are stayed following the filing of a bankruptcy petition.
Determination of the Effect of the Stay
As a preliminary matter, the court addresses the question of whether it is bound by plaintiffs view that the stay under 11 USC § 362 (a) barred the court from acting at all with respect to the issue of sanctions. In this regard, the court observes that *202 under the Bankruptcy Code, “[t]he court in which the litigation claimed to be stayed is pending has jurisdiction to determine not only its own jurisdiction but also the more precise question whether the proceeding pending before it is subject to the automatic stay” (In re Baldwin-United Corp. Litig., 765 F2d 343, 347 [2d Cir 1985] [emphasis supplied]). This is a principle of law so well supported for more than 10 years that plaintiff, an attorney and Administrative Law Judge, may be presumed to be familiar with it (Brock v Morysville Body Works, 829 F2d 383, 387 [3d Cir 1987]; Hunt v Bankers Trust Co., 799 F2d 1060, 1069 [5th Cir 1986]; National Labor Relations Bd. v Cooper Painting, 804 F2d 934, 939 [6th Cir 1986]; Commonwealth of Pa., Dept. of Envtl. Resources v Ingram, 658 A2d 435, 437 [Pa Commw Ct 1995]; Westlund v State of Wash., Dept. of Licensing, 55 Wash App 82, 778 P2d 40, 41 [Wash Ct App 1989], review denied 113 Wash 2d 1020, 781 P2d 1322 [Wash 1989]; Citizens First Natl. Bank v Marcus, 253 NJ Super 1, 600 A2d 943, 945 [NJ Super Ct App Div 1991]; see, Matter of State of New York v DeFranco Ford, 202 AD2d 593 [2d Dept 1994] [State court determined scope and effect of bankruptcy stay]). In view of the overwhelming authority on this issue, and plaintiff having offered no proof that he sought a ruling on this issue from the Bankruptcy Court in which his petition was filed, this court concludes that it may decide the question of law presented on this motion.
The 11 USC § 362 (a) Stay
In order to allow a debtor the benefits available through a bankruptcy proceeding, an “automatic stay”, i.e., one which comes into effect immediately upon the filing of the bankruptcy petition, was created. Its purpose is well recognized and has been described as follows: “The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.” (See, Sen Rep No. 95-989, 95th Cong, 2d Sess 54-55, reprinted in 1978 US Code Cong & Admin News 5787, 5840-5841.)
To achieve these goals, 11 USC § 362 provides, insofar as relevant, that:
“(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title * * * operates as a stay, applicable to all entities, of—
*203 “(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title”.
As is apparent from this language, the stay created by this provision (the 11 USC § 362 [a] stay) has the effect of immediately halting any legal proceeding against a debtor which was instituted prior to his filing of a petition in bankruptcy. Since the Sanction Decision was the result of a proceeding commenced prior to the date when plaintiff filed his bankruptcy petition, that proceeding was subject to the automatic stay unless excepted from the application of 11 USC § 362 (a) by some other statutory provision.
Exception for the Exercise of Governmental Regulatory
Powers
Notwithstanding the sweeping language of 11 USC § 362 (a) (1), there are numerous exceptions to the 11 USC § 362 (a) stay which are delineated in 11 USC § 362 (b). In relevant part, that section provides that:
“(b) The filing of a petition under section 301, 302, or 303 of this title * * * does not operate as a stay— * * *
“(4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit’s police or regulatory power”.
Not surprisingly, on his motion plaintiff fails to address the existence of this exception or its effect upon his position that the Sanction Decision is invalid because it was issued as a result of a proceeding that was stayed under 11 USC § 362 (a). Despite his silence on this issue, it is obvious that a determination of plaintiffs motion requires this court to decide whether a sanction proceeding under 22 NYCRR 130-1.1 comes within the definition of “an action or proceeding by a governmental unit to enforce * * * police or regulatory power” (11 USC § 362 [b] [4]).
Tests for Proceedings under 11 USC § 362 (b) (4)
At first blush, it might be difficult to determine whether a State court sanction proceeding comes within the scope of the 11 USC § 362 (b) (4) exception. However, numerous Federal courts, those being the ones most concerned with bankruptcy issues, have elaborated two standards to apply to answer this *204 question. These are the “pecuniary interest” and “public policy” tests.
The “pecuniary interest” test addresses the principle that “[sítate and local governmental units cannot, by an exercise of their police or regulatory powers, subvert the relief afforded by the federal bankruptcy laws” (In re Thomassen, 15 Bankr 907, 909 [BAP 9th Cir 1981]). Under this test, in order to determine whether a particular action by a governmental unit is deserving of an exception from the 11 USC § 362 (a) stay, a reviewing court must decide whether that entity is exercising its authority “for a pecuniary purpose” (supra). If such is the purpose, the action by the governmental unit is stayed by the filing of a bankruptcy petition (supra). In determining whether a particular action is excepted from the 11 USC § 362 (a) stay, it must be recognized that the test “draw[s] a distinction between governmental actions which are aimed at obtaining a pecuniary advantage for the unit in question or its citizens, and those actions which represent a direct application of the unit’s police or regulatory powers” (supra). Although “[t]he former are stayed under 11 U.S.C. § 362(a)(1); the latter are not” (supra).
While similar in certain respects, the “public policy” test focuses more on the goal to be achieved or the rights to be vindicated by the action of a governmental unit (see, National Labor Relations Bd. v Cooper Painting, supra, 804 F2d, at 942). Consequently, that test “distinguishes between proceedings that effectuate public policy and those that adjudicate private rights” (In re Herr, 28 Bankr 465, 468 [D Me 1983]). It is “only the former [that] are excepted from the automatic stay” (supra).
Sanction Proceedings under 11 USC § 362 (b) (4)
As noted above, the issue of whether sanctions, and in particular, sanctions imposed by a court upon an attorney or a party, fit within the 11 USC § 362 (b) (4) exception is not new. Contrary to plaintiffs position, courts having addressed this issue have uniformly held that 11 USC § 362 (a) does not stay either a proceeding to consider sanctions or an order imposing such a penalty. The court offers the following as a sampling of the relevant cases on this issue.
O’Brien v Fischel (74 Bankr 546 [D Haw 1987]) dealt with the issue involved at bar in the context of sanctions imposed pursuant to Federal Rules of Civil Procedure rule 11, which provides the Federal courts with the authority to impose sanctions upon attorneys or parties who, inter alia, engage in *205 conduct designed to harass or cause increased litigation costs to others.[2] In O’Brien, the attorney representing the plaintiff in an action was sanctioned for failing to make a reasonable inquiry into the complaint filed by him for his client, which inquiry would have demonstrated that the complaint was frivolous. Prior to the imposition of the sanctions, the attorney filed an individual petition for relief under chapter 13 of the Bankruptcy Code (11 USC). Confronted with the attorney’s contention that his bankruptcy filing stayed the imposition of the sanctions, the court disagreed. The O’Brien court observed that the attorney had been sanctioned for engaging in conduct involving the abuse of other parties and the obstruction of the judicial process. As relevant to the motion at bar, the court stated that: “The purpose of the 1983 Rule 11 is to deter, effectively, these practices. Given the underlying concerns, this court believes imposition of sanctions under Rule 11 is a direct application of the district court’s regulatory powers, which serve to protect the general public from needless, harassing, and abusive litigation. We therefore find that under the ‘pecuniary purpose’ test, proceedings to impose sanctions on authority of Rule 11 are not automatically stayed by the filing of a petition in Bankruptcy” {supra, at 550 [emphasis in original]).
The same conclusion was reached by the court in Maritan v Todd (203 Bankr 740 [ND Okla 1996]), which analyzed the issue under both the “public policy” and “pecuniary interest” tests. In Maritan, the court faced a situation where Bankruptcy Rule 9011 sanctions were imposed upon the attorney who represented two debtors in their bankruptcy proceedings.[3] The Bankruptcy Court Judge sanctioned the attorney by ordering him to pay $2,000 to a creditor who was contesting the *206 confirmation of the debtors’ bankruptcy plan. The attorney then filed his own chapter 13 petition and argued that 11 USC § 362 (a) stayed any further proceedings related to the sanctions, including appellate review.[4] Concerning the stay issue, that court said: “The imposition of Rule 11 sanctions by a court is not an attempt to settle private rights. Rather, the imposition of Rule 11 sanctions is aimed at effectuating the federal judiciary’s policy of purging needless, harassing, and abusive litigation from the federal court system” (supra, at 744). Since the sanctions were imposed upon the attorney in Maritan in order to give effect to a valid regulatory policy and not to adjudicate private rights (see, In re Herr, supra), they were not subject to the 11 USC § 362 (a) stay.[5]
This same view was adopted by the court in In re Betts (165 Bankr 233 [Bankr ND 111 1994]). In that case, the court addressed a challenge to a proceeding by a State court to impose sanctions where the party to be sanctioned had previously filed for bankruptcy. Like the courts in O’Brien (supra) and Maritan (supra), the Betts court ruled that the imposition of sanctions by a court came within the scope of the 11 USC § 362 (b) (4) exception for “actions by a governmental unit to enforce police and regulatory powers” and thus was unaffected by the 11 USC § 362 (a) stay (In re Betts, supra, 165 Bankr, at 240).
Finally, at least one Circuit Court of Appeals has reached the same conclusion on this issue. In Alpern v Lieb (11 F3d 689 [7th Cir 1993]), the District Court dismissed a plaintiff’s action as being frivolous and imposed sanctions upon him. While the appeals of both the dismissal and sanction orders were pending, plaintiff filed a petition under chapter 7 of the Bankruptcy Code (11 USC) and argued that both appeals were stayed under 11 USC § 362 (a). The Circuit Court rejected that argument, ruling instead “that a proceeding to impose sanctions under Rule 11 is exempt from the automatic stay, pursuant to 11 U.S.C. § 362(b)(4), which exempts actions brought pursuant to governmental police or regulatory powers” (supra, at 690).[6] In reaching that determination, the court declared that: “A litigant should not be allowed to delay the imposition of sanctions *207 indefinitely by the expedient of declaring bankruptcy. Allowing him to do so would not only increase the number of bankruptcy filings but also create incentives for unprofessional conduct in litigation by firms or individuals teetering on the edge of the bankruptcy abyss” (supra).
As is evident from the holdings in Alpern (supra), Betts (supra), O’Brien (supra) and Maritan (supra), the Federal courts which have ruled directly on this issue have made plain that sanctions of the type imposed against plaintiff at bar are exempt from the 11 USC § 362 (a) stay.
Moreover, the unavailability of the 11 USC § 362 (a) stay as a safe harbor from sanctions is not limited to the Federal forum. Rather, it has been recognized that under the Bankruptcy Code, sanctions imposed by a State court are treated no differently than those imposed by a Federal court.
Although there is a dearth of sister State authority on this issue,[7] the intermediate appellate court of the State of California has interpreted 11 USC § 362 (a) and (b) (4) in the same manner as the Federal courts. In Papadakis v Zelis (230 Cal App 3d 1385, 282 Cal Rptr 18 [Cal Ct App, 1st Dist 1991]), an attorney was determined to have filed a frivolous appeal. When the appellate court informed him that it was considering the imposition of sanctions, he filed for bankruptcy and argued that under 11 USC § 362 (a) he was invulnerable to monetary sanctions. The Papadakis court disagreed, choosing instead to follow the reasoning and conclusion of the court in O’Brien v Fischel (supra). Specifically, the court stated that: “It was never intended that the automatic stay provision would become an ‘escape mechanism’ [citation omitted] from the enforcement by the courts of their inherent regulatory power over attorneys’ abuses of the court system. ‘Like physicians, attorneys are licensed by the state. Courts have an interest in punishing professional misconduct, no less than state regulatory agencies, in order to prevent future [abusive] acts of the same type. Whether or not [an attorney’s] conduct has sunken to the level of malpractice, . . . the discouragement of such pleading practices is a valid regulatory concern of this court.’ ” (Papadakis v *208 Zelis, 230 Cal App 3d, at 1389, 282 Cal Rptr, at 21, quoting O’Brien v Fischel, supra, 74 Bankr, at 550.) Based upon its analysis of the valid regulatory goal to be achieved through the use of sanctions in attorney misconduct situations, the Papadakis court held “that the imposition of sanctions by the courts of this state for attorneys’ frivolous or abusive litigation tactics cannot be obstructed by the federal bankruptcy laws” (Papadakis v Zelis, supra, 230 Cal App 3d, at 1389, 282 Cal Rptr, at 21 [emphasis supplied]).
That the conclusion reached by the Papadakis court is correct finds support from the Bankruptcy Court in In re Betts (supra). There the court noted the similarity of both Federal and State court sanctions, and held that they were similarly unaffected by the 11 USC § 362 (a) stay. Significantly, for the purposes of the motion at bar, the Betts court declared: “Just as federal courts’ sanctioning authority under Rule 11 (or Bankruptcy Rule 9011) is excepted from the automatic stay via section 362(b)(4), so also are the imposition of state court sanctions. Same should not be delayed indefinitely by a debtor’s expedient of declaring bankruptcy” {supra, 165 Bankr, at 241 [emphasis supplied]).[8] Based upon the reasoning of the courts in Papadakis and Betts, which this court finds persuasive, it cannot be credibly denied that as a general proposition, sanctions imposed by a State court are excepted from the automatic stay created under 11 USC § 362 (a).
Effect of 11 USC § 362 (a) in Plaintiffs Case
As set forth above, it is plaintiff’s position that by virtue of the 11 USC § 362 (a) stay, this court could not proceed with the Sanction Hearing. If his position was correct, this court would have no alternative but to vacate the Sanction Decision. Unfortunately for plaintiff, his position is entirely lacking in support under the case law addressing this issue. Thus, the only question remaining is whether sanctions imposed by courts in this State do not meet the standard for exception under 11 USC § 362 (b) (4).
The rule under which sanctions were imposed upon plaintiff by this court is 22 NYCRR 130-1.1 (a). Insofar as relevant, that *209 rule provides that: “The court, in its discretion, may award to any party or attorney in any civil action or proceeding before the court, except where prohibited by law, costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney’s fees, resulting from frivolous conduct as defined in this Part. In addition to or in lieu of awarding costs, the court, in its discretion may impose financial sanctions upon any party or attorney in a civil action or proceeding who engages in frivolous conduct as defined in this Part”. As defined in the rules, conduct is deemed frivolous if, inter alia, “it is completely without merit in law” or if “it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another” (22 NYCRR 130-1.1 [c] [1], [2]).
It is recognized that “[t]he intent of [the] regulatory scheme [of 22 NYCRR part 130] is to prevent the waste of judicial resources and to deter vexatious litigation and dilatory or malicious litigation tactics” (Matter of Kernisan v Taylor, 171 AD2d 869, 870 [2d Dept 1991]). This goal mirrors that of Federal Rules of Civil Procedure rule 11, i.e., to “direct[ly] appl[y] * * * the district court’s regulatory powers * * * to protect the general public from needless, harassing, and abusive litigation” (O’Brien v Fischel, supra, 74 Bankr, at 550). Given this similarity of purpose, no basis exists to distinguish the sanctions imposed against plaintiff at bar from those found to be exempt from the 11 USC § 362 (a) stay under the cases cited above.
Further, an analysis of this State’s sanction rules under the two tests propounded by the Federal courts supports the conclusion that this court acted in accordance with the law when it proceeded with the Sanction Hearing and issued the Sanction Decision notwithstanding plaintiffs commencement of a bankruptcy proceeding.
As noted, under the pecuniary interest test the focus is whether the sanctions “are aimed at obtaining a pecuniary advantage” for the courts or the citizens in general {see, In re Thomassen, supra, 15 Bankr, at 909). From a review of the language of the rule and its recognized intent, it is evident that the sanctions provided for by 22 NYCRR 130-1.1 (a) are not intended to protect or advance the financial interests of the court system, any particular litigants or the general public. To the contrary, as has been recognized, the rule is intended as a means of enforcement of the courts’ regulatory powers over attorneys and litigants, in order to protect the general public from baseless and malicious litigation tactics (Matter of Kerni *210 san v Taylor, supra). Consequently, under the pecuniary interest test, the sanctions imposed against plaintiff are not affected by the 11 USC § 362 (a) stay (cf., In re Greenwald, 34 Bankr 954, 956-957 [SD NY 1983] [“It is now well-established that if the government action directed against the debtor relates mainly to the protection of a pecuniary interest rather than the enforcement of regulatory police powers for the protection of the general public, the subsection (b)(4) exception will not apply”]).
No different result follows upon application of the public policy test, under which 11 USC § 362 (b) (4) excepts only those actions which “effectuate public policy” and not “those that adjudicate private rights” (see, In re Herr, supra, 28 Bankr, at 468). In rendering its decision imposing sanctions, this court explained that sanctions were warranted, inter alia, because “plaintiff’s commencement and continuation of a frivolous lawsuit has caused the court system to expend significant amounts of time and resources which would have been better used in addressing the legitimate claims of other litigants” (Sanction Decision, at 11). As is evident, in this case the use of sanctions as permitted by 22 NYCRR 130-1.1 (a) was directed at effectuating the State courts’ policy of “prevent [ing] the waste of judicial resources and * * * deter [ring] vexatious litigation and * * * malicious litigation tactics” (cf., Matter of Kernisan v Taylor, supra, 171 AD2d, at 870). Given this purpose, it cannot be denied that under the public policy test, the Sanction Decision is unaffected by plaintiff’s bankruptcy proceeding.
Thus viewed, whether the sanctions imposed upon plaintiff by this court under 22 NYCRR 130-1.1 (a) are evaluated under the “pecuniary purpose” test or the “public policy” test, it is clear that they come within the exception of 11 USC § 362 (b) (4). Accordingly, the court rejects plaintiff’s position that his commencement of a bankruptcy proceeding stayed the Sanction Hearing and the Sanction Decision. Based upon that determination, the motion to vacate the Sanction Decision and to stay its effect until the final resolution of plaintiff’s bankruptcy action is denied in all respects.
[Portions of opinion omitted for purposes of publication.]

. From the papers presented, it is clear that proof of the bankruptcy filing was timely submitted by plaintiffs counsel, notwithstanding that as a result of an administrative oversight, that documentary evidence was not brought to the court’s attention prior to the entry of the Sanction Decision.

. The 1983 amended version of Federal Rules of Civil Procedure rule 11, which was in effect at the time of the O’Brien case (supra), provided in relevant part that: “The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation * * * If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction”. Although the rule was later amended, its present language is similar to that of the 1983 version, and is obviously intended to accomplish the same purpose.

. “Rule 9011 is the bankruptcy counterpart to Fed.R.Civ.P. 11” (Maritan v Todd, supra, 203 Bankr, at 741).

. The creditor filed an appeal from the sanction order, contending that the. sanction imposed was too lenient. .

. The court also found the sanctions order and the appeal from it to be exempt from the 11 USC § 362 (a) stay under the pecuniary interest test (Maritan v Todd, supra, at 744).

. The same interpretation of 11 USC § 362 (b) (4) was reached by the court in In re Berg (198 Bankr 557, 562 [BAP 9th Cir 1996]), relying upon the holding in Alpern (supra).

. The lack of such authority is understandable, in view of the fact that bankruptcy is subject to the jurisdiction of the Federal courts. Nevertheless, as seen above, State courts may rule on the issue before this court when presented with it, since the scope and effect of the 11 USC § 362 (a) stay are issues which are subject to the determination of both the Bankruptcy Court and the State court in which a proceeding is pending (In re Baldwin-United Corp. Litig., 765 F2d 343, supra).

. Although the Betts court included as a factor in its holding that the debtor had not given any notice of his case to any of the parties in the action involved, based upon its analysis of the purpose of sanctions this court concludes that no different result is required even where, as here, plaintiffs counsel represented to the court at the Sanction Hearing that a petition in bankruptcy had been filed by plaintiff while the motion for sanctions was pending.