IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| NGOC VAN HOANG NGUYEN, | No. 86424-6-I |
| Appellant, | |
| v. | DIVISION ONE |
| QUALITY LOAN SERVICE CORP, | |
| Respondent, | PUBLISHED OPINION |
| FAY SERVICING, | |
| Defendant. | |

BOWMAN, J. — Ngoc Van Hoang Nguyen sued Quality Loan Service Corporation of Washington, alleging misconduct in its management of nonjudicial foreclosure proceedings. Two days later, Nguyen petitioned for bankruptcy, resulting in an automatic stay of any legal proceedings against her. During the stay, the trial court dismissed Nguyen's lawsuit as frivolous and sanctioned her under CR 11. Nguyen appeals the sanction, arguing the court abused its discretion by acting against her in violation of the bankruptcy stay. Because the trial court's CR 11 sanction amounts to a governmental regulatory action exempt from an automatic bankruptcy stay under 11 U.S.C. § 362(b)(4), we affirm.

FACTS

In July 2022, Nguyen's mortgage provider Fay Servicing initiated nonjudicial foreclosure proceedings after Nguyen defaulted on her mortgage. Quality served as the trustee processing the foreclosure. On February 15, 2023,

Nguyen sued Fay and Quality.[1]  She sought declaratory relief and alleged slander of title, slander of credit, violations of the Consumer Protection Act, chapter 19.86 RCW, and intentional infliction of emotional distress.

Two days later on February 17, Nguyen petitioned for bankruptcy under 11 U.S.C. Chapter 13 in the Western District of Washington.  The petition operated as an automatic stay of all legal proceedings against her.[2]

In November 2023, Quality moved to dismiss Nguyen's lawsuit under CR 12(b)(6) for failure to state a claim on which the trial court could grant relief. Quality explained that Nguyen filed the "same" lawsuit against Quality in 2018, which the trial court dismissed with prejudice.[3]  In its motion, Quality also told the court that it "warned [Nguyen] on August 3, 2023" that if she did not "promptly" dismiss her lawsuit, it would "seek an award of sanctions for filing frivolous claims" under CR 11.  In December 2023, the trial court granted Quality's motion to dismiss Nguyen's 2023 complaint with prejudice.

In January 2024, Quality moved for attorney fees and costs as a CR 11 sanction against Nguyen.[4]  Quality explained that it told Nguyen several times that her lawsuit was frivolous and that it would seek sanctions under CR 11 unless she voluntarily dismissed her complaint.  It argued that sanctions were necessary to ensure she would not bring the same lawsuit a third time.  In her

---

[1] Fay is not a party to this appeal.

[2] 11 U.S.C. § 362(a)(1).

[3] The 2018 complaint and subsequent dismissal order are not in the record on appeal.

[4] Quality also moved for attorney fees under RCW 4.84.185, which allows the trial court to award the prevailing party its expenses for opposing a frivolous action or defense.

response, Nguyen argued that her bankruptcy petition stayed any legal action against her. So, according to Nguyen, the court could not sanction her.

On February 7, 2024, the trial court entered an order and judgment, awarding Quality attorney fees and costs under CR 11. It determined that Nguyen's lawsuit "was frivolous and advanced without reasonable cause" and sanctioned her in the amount of $12,694.96.

Nguyen appeals.

## ANALYSIS

Nguyen argues that the trial court abused its discretion by issuing a CR 11 sanction against her in violation of the bankruptcy court's automatic stay.[5] We disagree.

We review a trial court's issuance of CR 11 sanctions for abuse of discretion. *State ex rel. Quick-Ruben v. Verharen*, 136 Wn.2d 888, 903, 969 P.2d 64 (1998). A trial court abuses its discretion by issuing manifestly unreasonable rulings or rulings based on untenable grounds. *Wash. State Physicians Ins. Exch. & Ass'n v. Fission's Corp.*, 122 Wn.2d 299, 339, 858 P.2d 1054 (1993). If the trial court bases its ruling on an erroneous view of the law or applies an incorrect legal standard, it necessarily abuses its discretion. *Hanna v. Margitan*, 193 Wn. App. 596, 612, 373 P.3d 300 (2016).

Under 11 U.S.C. § 362(a)(1), a bankruptcy petition generally operates as a stay of legal proceedings against the debtor. After petitioning for bankruptcy,

---

[5] The court also awarded Quality its fees and costs under RCW 4.84.185. Because Nguyen and Quality do not address that statute, our analysis focuses on only CR 11.

the petitioner's property interests become the property of the bankruptcy estate. 11 U.S.C. § 541(a). The automatic stay remains in effect until the property no longer belongs to the bankruptcy estate. 11 U.S.C. § 362(c)(1).[6] But 11 U.S.C § 362(b) provides several exceptions to a § 362(a) automatic stay. One exception is "the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's police and regulatory power." 11 U.S.C. § 362(b)(4).

No Washington court has determined whether a CR 11 sanction falls under the governmental regulatory power exception to a bankruptcy stay of proceedings. But federal courts addressing the issue have concluded that sanctions under the federal civil rules are exempt from a stay. *See, e.g.*, *Alpern v. Lieb*, 11 F.3d 689, 690 (7th Cir. 1993); *see also O'Brien v. Fischel*, 74 B.R. 546, 551 (D. Haw. 1987); *In re Betts*, 165 B.R. 233, 241 (Bkrtcy.N.D. Ill. 1994).

In *Alpern*, the trial court dismissed the plaintiff's lawsuit as frivolous. 11 F.3d at 689. The defendant moved for sanctions under Federal Rule of Civil Procedure (Rule) 11. *Id.* The court granted the motion and ordered the plaintiff to pay attorney fees as a sanction for filing the frivolous suit. *Id.* The plaintiff appealed. *Id.* While the appeal was pending, the plaintiff petitioned for bankruptcy under 11 U.S.C. Chapter 7, which operated as an automatic stay of all lawsuits against the plaintiff. *Id.*

The plaintiff then moved to stay the sanction order. *Alpern*, 11 F.3d at 689. The Seventh Circuit refused. *Id.* at 690. It held that the imposition of

---

[6] Or the bankruptcy court can grant relief from the stay by request of a party of interest after notice and a hearing. 11 U.S.C. § 362(d). That did not happen here.

4

sanctions under Rule 11 is exempt from an automatic bankruptcy stay under 11 U.S.C. § 362(b)(4). *Id.* The court reasoned that Rule 11 "directs the imposition of sanctions for unprofessional conduct in the litigation" and is "meted out by a governmental unit, the court." *Id.* And because a governmental unit that orders Rule 11 sanctions is enforcing its regulatory power, the sanctions fall within the 11 U.S.C. § 362(b)(4) exception. *Id.*

We recognize that federal court decisions are guiding, not binding, authority. *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 47, 204 P.3d 885 (2009). Still, we find the reasoning in *Alpern* sound and reach the same conclusion here.

The trial court ordered Nguyen to pay a sanction under CR 11.[7] That rule requires a party or attorney to certify "to the best of the party's or attorney's knowledge, information and belief, formed after an inquiry reasonable under the circumstances," that a pleading, motion, or legal memorandum is "warranted by existing law" and not brought for any improper purpose, "such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." CR 11(a)(2), (3).

> If a pleading, motion, or legal memorandum is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses

---

[7] Our legislature modeled CR 11 after Rule 11. *Bryant v. Joseph Tree, Inc.*, 119 Wn.2d 210, 218, 829 P.2d 1099 (1992). Under Rule 11(c)(1):

> If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.

incurred because of the filing of the pleading, motion, or legal memorandum, including a reasonable attorney fee.

CR 11(a)(4). Like it's federal counterpart, CR 11 regulates the conduct of parties by permitting sanctions for unprofessional conduct during litigation. And the sanctions are meted out by a governmental unit—the court. As a result, court-ordered CR 11 sanctions fall under the 11 U.S.C. § 362(b)(4) exception to an automatic bankruptcy stay.[8]

Because the trial court's CR 11 sanction is exempt from the bankruptcy automatic stay of proceedings, it did not abuse its discretion by imposing the sanction against Nguyen. We affirm.

_____, J

WE CONCUR:

_____        _____
Chung, J.                       Smith, C.J.

---

[8] Several state appellate courts addressing this issue have reached the same conclusion. *See Papadakis v. Zelis,* 230 Cal. App. 3d 1385, 1389, 282 Cal. Rptr. 18 (1991) (holding that the court's imposition of sanctions on an attorney falls under the 11 U.S.C. § 362(b)(4) exception and not subject to the bankruptcy stay); *Janis v. Janis*, 179 Misc. 2d 199, 208, 684 N.Y.S.2d 426 (1998) (holding that the trial court's sanction on the plaintiff was exempt from the automatic stay).