United States Court of Appeals,

Fifth Circuit.

No. 91–1681.

SECURITIES AND EXCHANGE COMMISSION, Plaintiff–Appellee,

v.

FIRST HOUSTON CAPITAL RESOURCES FUND, INC., et al., Defendants,

Michael F. Dermer, Defendant–Appellant.

Dec. 21, 1992.

Appeal from the United States District Court For the Northern District of Texas.

Before WISDOM, JOLLY, and DEMOSS, Circuit Judges.

WISDOM, Circuit Judge:

When Michael Dermer, a pro se defendant, failed to appear at a pre-trial conference the district court entered a default judgment against him. We vacate the order and remand the case for trial. After closely reviewing the record, the Court is convinced that Dermer's conduct was not contumacious. Moreover, the district judge did not provide factual findings and conclusions that a lesser sanction would be insufficient. We have concluded that the interests of justice would be served if the defendant were granted another opportunity to assert his rights in court. We reach this result without in any way reflecting on the ability or integrity of the district judge.

I.

The Securities and Exchange Commission (SEC) charged Michael F. Dermer with several violations of the Securities Act of 1933 and the Securities Exchange Act of 1934. The SEC alleged that Dermer and several others engaged in a scheme to sell unregistered stock to the public and to sell that stock through false or misleading statements. All the other individual co-defendants consented to the entry of a permanent injunction against them.

Dermer, pro se, contested his case. On January 29, 1990, the district judge issued a scheduling order setting December 28, 1990 as the date by which discovery must be concluded and stated, "If a pre-trial conference is needed, it is set for 9:30 a.m. on January 9, 1991."

On January 2, 1991, the SEC filed an unopposed motion to extend the discovery period. At the end of its motion, it noted that, "This request also prefigures a short postponement of the pretrial conference...."

On January 3, 1991, the district judge extended the discovery period but "[found] that the pretrial conference and trial setting should remain the same".

At 9:55 a.m. on January 9, 1991, twenty-five minutes after the pretrial conference was to begin, Dermer had not appeared in court. The district judge stated: "We need to move our cases, and this is one that really needs to be moved. It's been hanging around long enough." He entered a default judgment (permanent injunction) against Dermer.

Dermer sought relief by requesting the court to vacate the default judgment. This was denied. Dermer appealed.

## II.

It is not entirely clear whether the district court entered the default judgment pursuant to Fed.R.Civ.P. 55[1] or Fed.R.Civ.P. 16[2], although in denying the motion to vacate the district judge stated his reasons in the language of rule 55. Because sanctions were imposed for failure of the defendant to attend a pretrial conference, rule 16(f) provides the appropriate rubric under which sanctions should have been dealt. This rule permits the judge to order sanctions "if no appearance is made on behalf of a party at a scheduling or pretrial conference".

## III.

---

[1]Rule 55. DEFAULT (a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

[2]Rule 16. PRETRIAL CONFERENCES; SCHEDULING; MANAGEMENT (f) Sanctions. If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

The standard of review for the entry of sanctions under 16(f) is abuse of discretion.[3]

Twenty-five years ago in *Durham v. Florida East Coast Railway Co.* this Court held that although the sanction of dismissal is a discretionary matter, courts "have generally permitted it only in the face of a clear record of delay or contumacious conduct by the [party]"[4]. This test for determining whether the punishment fits the crime is alive and well in the Fifth Circuit.

Further, even if the record teems with instances of delay or other egregious behavior, a district court cannot impose the extreme sanction of dismissal "unless the court first finds that a lesser sanction would not have served the interests of justice"[5] A silent record is inadequate. We shall not infer that the district judge weighed alternative sanctions; he must have "expressly considered" them.[6]

### A. *Evidence of Contumacious Conduct*

There is very little evidence of improper conduct by Dermer. He had at one time asserted his Fifth Amendment Right and had declined to be deposed. Later he decided to testify at trial, and because of this the SEC requested an extension of the discovery period. It appears that the SEC was not notified of his change of mind until three days after the discovery period closed, but they made no protest except to request additional time so as to depose Dermer.

The other asserted incident of improper behavior is Dermer's failure to attend the pretrial conference. There is some evidence that while he received the SEC's motion to extend discovery (which included the postponement of the pretrial conference), he did not receive the district court's order which extended discovery but adhered to the original schedule for the pretrial conference. During the course of proceedings in the district court, Dermer moved his residence three times, and there is unrefuted testimony that the court clerk sent the order to the wrong address. Dermer should have checked with the court before concluding that the date of the pretrial conference had been

---

[3]*Price v. McGlathery,* 792 F.2d 472, 474 (5th Cir.1986). *See Link v. Wabash,* 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962).

[4]385 F.2d 366, 368 (5th Cir.1967).

[5]*McNeal v. Papasan,* 842 F.2d 787, 793 (5th Cir.1988).

[6]*Callip v. Harris County Child Welfare Dept.,* 757 F.2d 1513, 1521 (5th Cir.1985).

changed. This Court, however, held in *E.F. Hutton v. Moffatt* that, "The single mistake of counsel as to the pre-trial conference date certainly will not suffice for such a showing [of contumacious conduct]."[7] In that case, the defendant waited five months before retaining new counsel seven days before the pretrial conference at which neither defendant nor his counsel appeared.

Dermer's behavior clearly does not rise to the level of the "brazen defiance" displayed by the pro se litigant in *Brinkmann*[8], nor does it resemble the failure to attend the pretrial conference in *Price* after the district judge had warned Price that she had only "one last opportunity" to comply with the judge's orders[9]. Although Dermer should have checked with the court if he had any confusion as to the correct date, the extreme punishment of a default judgment seems inappropriate for a first offense blunder by a pro se litigant.

### B. *Consideration of Alternate Sanctions*

Although the district judge stated in open court and noted in his order that the default judgment was the "appropriate sanction", in neither place does he indicate why it is appropriate or whether he considered any other disciplinary measure. There is also nothing in his order to show that he considered any other sanction.

This Court in *Callip*[10] has excused the absence of express findings concerning alternative sanctions when the district court had previously imposed lesser sanctions and had issued an ultimatum, although we noted in that case that express findings are required.[11] That is not this case. Here, there is nothing in his order to show that the district judge contemplated any sanction but the most severe one. He swung the axe less than one half-hour after Dermer had failed to appear. Even if Dermer had been habitually obstreperous or contumacious, the harshness of the sanction imposed requires that the district judge first contemplate less drastic measures.

---

[7]460 F.2d 284, 285 (5th Cir.1972).

[8]*Brinkmann v. Dallas County Deputy Sheriff Abner,* 813 F.2d 744, 749 (5th Cir.1987).

[9]*Price v. McGlathery,* 792 F.2d 472, 474 (5th Cir.1986).

[10]See note 6.

[11]*Callip* at 1521–22.

## IV.

Because the district judge did not appear to consider alternatives to ordering a default judgment and because the record suggests that Dermer's conduct is insufficient to support such a severe sanction, we VACATE the judgment and REMAND the case for further proceedings in accordance with this opinion.