IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-10220

Summary Calendar
_____

TAMALYN A. TIPS,

Plaintiff-Appellant,

v.

REGENTS OF TEXAS TECH UNIVERSITY, ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
(5:94 CV 193 C)
_____

August 3, 1995

Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Tamalyn A. Tips appeals the dismissal of her suit with prejudice based on the district court's presumption that the case had been settled. We reverse.

On August 2, 1994, Tips filed suit against the Board of Regents of Texas Tech University and ten individual defendants

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

pursuant to the Rehabilitation Act of 1973 (Rehabilitation Act), the Americans with Disabilities Act of 1990 (ADA), the Fourteenth Amendment, and state tort law. Tips alleged that she was a person with a disability or handicapping condition within the meaning of the Rehabilitation Act and the ADA, and she challenged the University's decision to dismiss her from its doctoral program in clinical psychology without making reasonable accommodations to her disability. The defendants answered the complaint, and district court entered a scheduling order directing that all motions and pleadings be filed by January 3, 1995.

On November 21, 1994, Tips' attorney notified the district court coordinator by telephone that there was "a pending settlement in the matter." That same day, the district court entered an order which stated:

> The parties have indicated to the Court that they have settled this case. Accordingly, this case is administratively closed without prejudice to its being reopened to enter an order of dismissal or if the settlement is not consummated. Counsel in this case are ordered to file the papers necessary to dismiss this action on or before thirty (30) days from the date of this order.

According to the affidavit of Tips' attorney, after learning that the defendants had rejected the settlement, he called the court coordinator on December 21, 1994, to "inform the Court that the settlement had fallen through."[1] The affidavit states that the court coordinator told the attorney that a written filing would

---

[1] The district court records do not reflect that the court received this information.

be required, but not that it must be filed by a certain date.

On December 28, 1994, the district court *sua sponte* dismissed the suit with prejudice.  The order of dismissal states that, because the parties have not notified the court that they have not consummated a settlement, the court "presumes that the  . . . cause has been finally settled."  On December 29, 1994, Tips' attorney filed a "Notice to Court of Non-Settlement."  The district court denied "any relief requested in the Notice [of Non-Settlement]," and it denied Tips' motion for a new trial.[2]  Tips appeals.

A district court may <u>sua</u> <u>sponte</u> dismiss an action for failure to prosecute, FED. R. CIV. P. 41(b), and it may order any sanctions "as are just" for a party's failure to obey a pretrial order. FED. R. CIV. P. 16(f).  Although it is unclear whether the district court dismissed this suit pursuant to Rule 41(b) or Rule 16(f), this court reviews a dismissal under either rule for abuse of discretion.  <u>Berry v. Cigna/RSI-Cigna</u>, 975 F.2d 1188, 1191 (5th Cir. 1992) (Rule 41(b)); <u>S.E.C. v. First Houston Capital Resources Fund, Inc.</u>, 979 F.2d 380, 381-82 (5th Cir. 1992) (Rule 16(f)).

The court will affirm a dismissal with prejudice

> for failure to prosecute only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the

---

[2] On the same day that she filed her notice of appeal, Tips also filed a FED. R. CIV. P 60(b) motion, which was denied by the district court.  The denial of that motion is not before the court at this time.

3

>     district court employed lesser sanctions that
>     proved to be futile.

Berry, 975 F.2d at 1191 (footnote omitted). In most cases in which this court has affirmed a dismissal with prejudice for failure to prosecute, the court has also found one of three aggravating factors: "(1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." Id. (internal punctuation and citation omitted).

The court has characterized its review of a sanction under Rule 16(f) as "determining whether the punishment fits the crime." First Houston, 979 F.2d at 382. A dismissal under Rule 16(f) is "generally permitted . . . only in the face of a clear record of delay or contumacious conduct by the [party]." Id. (quotation and citation omitted). The record must also show that the district court expressly considered whether a less drastic sanction would suffice. Id. at 382-83.

In this case, the district court dismissed the suit with prejudice based on the failure of Tips' counsel to comply timely with only one order; the court did not expressly determine that lesser sanctions would be futile; and none of the aggravating factors exists. Berry, 975 F.2d at 1191; First Houston, 979 F.2d at 382. Under these circumstances, dismissal of Tips' suit constituted an abuse of discretion.

The judgment of the district court is REVERSED, and the case is REMANDED with instructions to reinstate the case.

4