**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 98-10997

_____

SABRE GROUP, INC.,

Plaintiff-Appellee,

versus

EUROPEAN AMERICAN TRAVEL, INC., also known as European
American Travel, also known as European American Tours, also
known as Euram Tours, also known as Euram Flight Centre; BARRY
ROBERTS,

Defendants-Appellants.

Appeal from the United States District Court
for the Northern District of Texas
(4:98-CV-377-A)

August 9, 1999

Before EMILIO M. GARZA and PARKER, Circuit Judges, and FITZWATER, District Judge.[*]

PER CURIAM:[**]

European American Travel, Inc. ("Euram"), and Barry Roberts appeal the sanctions entered

against them. We affirm.

Pursuant to Federal Rule of Civil Procedure 16(f), the district court sanctioned Euram and

Roberts for failing to comply with its directive to participate in a settlement conference. It awarded

SABRE Group, Inc. ("SABRE"), $2500.00 in attorneys' fees, for which Euram and Roberts were

jointly and severally liable, and fined Euram and Roberts $1000.00 each.

We review the district court's sanctions order for abuse of discretion. *See Securities &*

*Exchange Comm'n v. First Houston Capital Resources Fund, Inc.*, 979 F.2d 380, 381 (5th Cir.

[*]     District Judge of Northern District of Texas, sitting by designation.

[**]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1992). A district court abuses its discretion when we have a firm and definite conviction that it committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors. *See United States v. Walker*, 772 F.2d 1172, 1176 n.9 (5th Cir. 1985). Therefore, the issue before us is not whether we would have reached the same result as the district court.[1] *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642, 96 S. Ct. 2778, 2780, 49 L. Ed. 2d 747, ___ (1976) (per curiam).

Roberts argues that the district court lacked jurisdiction to sanction him because, as he was not an attorney of a party, he fell outside of Rule 16(f)'s reach.[2] We disagree. Among other things, Roberts was listed as counsel on Euram's Motion for Extension, frequently communicated with SABRE's attorneys on behalf of Euram, and planned to represent Euram at the settlement conference. He therefore was an attorney of a party to this action, and was subject to Rule 16(f).

In reaching our disposition, we reject Roberts' argument that he was not Euram's attorney because he was not admitted to practice in the Northern District of Texas ("Northern District"). *See* N.D. TEX. CIV. R. 83.9 (1998). Rule 16(f)'s language does not include a condition that limits the rule's applicability to the attorneys of a party who have been admitted to practice in the district court that imposes the sanction. *Cf.* FED. R. CIV. P. 83(a) (requiring that local rules be "consistent with" acts of Congress and the Federal Rules of Civil Procedure). Additionally, as SABRE points out, Roberts' argument has an anomalous effect. Counsel not admitted to practice in the Northern District can ignore case-management orders without fear of sanction by defying the Northern District's rule that they receive permission to appear *pro hac vice* before appearing in a case. *See* N.D. TEX. CIV. R. 83.9 (1998).

Roberts also maintains that the district court violated his right to due process because he was

---

[1]   Some of the issues presented in this appeal appear to be questions of law, on which we do not defer to the district court's judgment. This situation is of little consequence, however, because "[a] district court by definition abuses its discretion when it makes an error of law." *Koon v. United States*, 518 U.S. 81, 100, 116 S. Ct. 2035, 2047, 135 L. Ed. 2d 392, ___ (1996).

[2]   Rule 16(f) covers parties and their attorneys. *See* FED. R. CIV. P. 16(f).

-2-

not made a party by service of process and was not given notice of the possibility that he would be sanctioned. We disagree. The district court related through several orders that it was contemplating sanctions against Euram and Euram's counsel. It also convened a hearing on sanctions. During this proceeding, Euram's local counsel appeared and stated the position of Euram and Roberts. This course of events shows that Roberts received due process before he was sanctioned. *See Martin v. Brown*, 63 F.3d 1252, 1262-63 (3d Cir. 1995) (finding that counsel received due process before being sanctioned); *Harrell v. United States*, 117 F.R.D. 86, 89 (E.D.N.C. 1987) (same).

Euram and Roberts argue that Euram's impending bankruptcy substantially justified their failure to appear at the July 20, 1998, settlement conference.[3] We disagree. Nothing in the record supports the suggestion of Roberts and Euram that the district court would have imposed sanctions for "wasting Plaintiff's time and acting in bad faith" had they appeared at the settlement conference and declined to negotiate because of the impending bankruptcy. Nor do Roberts and Euram explain why the district court should have recognized that "a settlement reached just days before a bankruptcy filing would not pass muster with the Bankruptcy Court." Furthermore, the sanctions resulted from more than mere failure to attend the July 20 settlement conference. Euram, through Roberts, had postponed the settlement conference once already.[4] Robert disclosed Euram's impending bankruptcy approximately one month after Euram had told the district court that "it believe[d] that settlement of the matter is achievable and likely." In light of these circumstances, the district court did not commit reversible error in refusing to find that the failure of Roberts and Euram to appear at the settlement conference was substantially justified.

Euram and Roberts also contend that the automatic stay entered in Euram's bankruptcy case barred the sanctions order. We disagree. The district court's sanctions order pursuant to Rule 16(f)

---

[3]   Rule 16(f) provides, in part, that "[i]n lieu of or in addition to any other sanction, the [district] judge shall require the party or the attorney representing the party or both to pay the reasonable expenses because of noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified . . . ." FED. R. CIV. P. 16(f).

[4]   Euram fails to identify the portions of the record that show SABRE as "equally responsible for the delay in holding the settlement conference."

was "the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power." 11 U.S.C.§ 362(b)(4) (1994) (superseded).[5] As such, it was exempt from the automatic stay. *See Alpern v. Lieb*, 11 F.3d 689, 690 (7th Cir. 1993) (holding that order imposing sanctions pursuant to Federal Rule of Civil Procedure 11 is exempt from the automatic stay); *In re Berg*, 198 B.R. 557, 559-63 (BAP 9th Cir. 1996) (holding that order imposing sanctions pursuant to Federal Rule of Appellate Procedure 38 is exempt from the automatic stay).[6] The district court therefore did not contravene the automatic stay.

We hold that the district court did not commit reversible error in sanctioning Roberts and Euram. Accordingly, we affirm.

---

[5] Congress amended 11 U.S.C. § 362(b)(4) on October 21, 1998, about three months after the district court entered its sanctions order. *See* 11 U.S.C.A. § 362 (West Supp. 1999) (reporting the enactment date and reprinting the text of § 362(b)(4) prior to amendment in 1998).

[6] Because Rules 11 and 16(f) and Appellate Rule 38 are parts of a larger effort to insure compliance with court orders, we consider *Alpern* and *Berg* applicable to this case. *See Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1553-55 (10th Cir. 199 6) (analyzing the relationship between Rules 11 and 16(f)); *In re Berg*, 198 B.R. 557, 562 n.10 (BAP 9th Cir. 1996) (analyzing the relationship between Rule 11 and Appellate Rule 38).