IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-31418
Summary Calendar
_____

DANA RANDALL,

Plaintiff-Appellant,

versus

THOMA-SEA BOAT BUILDERS, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court for
the Eastern District of Louisiana
(USDC No. 99-CV-1099-B)
_____

June 1, 2000

Before REAVLEY, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

Dana Randall appeals the dismissal pursuant to Rule 41(b) for his failure to appear

as ordered before the magistrate judge. The case does not demonstrate a clear record of

delay or contumacious conduct, and the district court failed to consider a lesser sanction

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

before imposing dismissal sanctions; therefore the dismissal was an abuse of discretion. We reverse and remand.

On September 14, 1999, Randall's attorney Eddie Pullaro filed a motion to withdraw as counsel. On September 16, 1999, the magistrate judge issued an order for Randall to appear on September 29, 1999, to discuss his future representation, however, Randall did not appear. On October 1, 1999, the magistrate judge entered Findings and Recommendations that the lawsuit be dismissed. On October 7, 1999, Randall, through new counsel, filed objections to the recommendations. On November 30, 1999, the District Judge dismissed the lawsuit.

The district court relied on Aucoin v. K-Mart Apparel Fashion Corp., 943 F.2d 6 (5th Cir. 1991) for the proposition that dismissal is not an abuse of discretion when an unrepresented plaintiff fails to appear pursuant to an order by the district court. The district court's reliance on Aucoin is misplaced because Aucoin was an appeal of a denial of a motion to reinstate pursuant to Rule 60(b), which requires a showing of exceptional circumstances. The case at bar involves a timely appeal from the order of dismissal pursuant to Rule 41(b) and different standards apply.

A dismissal sanction under rule 41(b) requires a clear record of delay or contumacious conduct by the plaintiff and demonstration that a lesser sanction would not have sufficed. McNeal v. Papasan, 842 F.2d 787, 790 (5th Cir. 1988); See Also S.E.C. v. First Houston Capital Resources Fund, Inc., 979 F.2d 380, 382 (5th Cir. 1992). (Dismissal under Rule 16(f) for failure to attend pretrial conference reversed for lack of

2

evidence of contumacious conduct and failure to consider lesser sanction). The record in the case at bar reveals that after counsel withdrew, the plaintiff failed to appear at one hearing and promptly obtained counsel to object to the magistrate judge's recommendation of dismissal. This does not rise to the level of a clear record of delay or contumacious conduct. In addition, the district court did not enter any findings or conclusions regarding the inadequacy of lesser sanctions. Under the standards applied in the 5th Circuit, this is abuse of discretion.

REVERSED AND REMANDED