IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30866
Summary Calendar
_____

MONOTOR M. PETE,

                                                 Plaintiff-Appellant,

and

PIUS AKAMDI OBIOHA,

                                                 Appellant,

versus

CHAMPION EXPOSITION SERVICES, INC.; CHRIS VALENTINE,

                                                 Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CV-3054-T
--------------------
February 26, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

        After entering summary judgment against Monotor M. Pete, the district court imposed monetary sanctions against Pete and his attorney, Pius Akamdi Obioha.  This appeal followed.

        Pete has moved this court for appointment of counsel.  That motion is DENIED.  Pete also challenges the district court's denial of his motion to remand and the order granting summary

---

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment against him.  However, because no notice of appeal was ever filed in the district court challenging these orders, this court is without jurisdiction to review them.  See Nelson v. Foti, 707 F.2d 170, 171 (5th Cir. 1983).  With regard to the imposition of sanctions, Pete has failed to brief the issue as he has provided neither argument nor authorities to show that the district court erred in imposing sanctions.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).  Accordingly, Pete's appeal is DISMISSED as frivolous.  5TH CIR. R. 42.2.

Obioha has filed his own appeal from the district court's imposition of sanctions against him.  The award of sanctions under FED. R. CIV. P. 16(f) and under 28 U.S.C. § 1927 is reviewed for abuse of discretion.  See S.E.C. v. First Houston Capital Res. Fund, 979 F.2d 380, 381-82 (5th Cir. 1992); Mercury Air Group, Inc. v. Mansour, 237 F.3d 542, 549 (5th Cir. 2001).  After reviewing the record in this case, we conclude that the district court did not abuse its discretion in awarding monetary sanctions against Obioha.  Alternatively, Obioha argues that the sanctions awarded were unreasonable and unsupported.  We decline to address this issue as it is raised for the first time on appeal.  See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).  The district court's award of sanctions against Obioha is AFFIRMED.