**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 01-10412

LATRESA DENISE ROBERTS

Plaintiff--Counter Defendant--Appellee,

v.

STORAGE AND RELOCATION SERVICES INC, et al

Defendants.

CHRIS TINGIRIDES

Defendant--Counter Claimant--Appellant.

Appeal from the United States District Court
for the Northern District of Texas
(3:99-CV-2593-G)

March 28, 2002

Before ALDISERT[*], DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[**]

Chris Tingirides appeals a default judgment of $500,000 plus interest after he failed to make an appearance at a pre-trial

---

[*] Circuit Judge of the Third Circuit Court of Appeals, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.4.

conference.  The standard of review for the entry of sanctions under Rule 16(f), Federal Rules of Civil Procedure, is abuse of discretion.  SEC v. First Houston Capital Res. Fund, Inc., 979 F.2d 380, 381-382 (5th Cir. 1992).

We hold that if the court granted the default judgment under Rule 55(b)(2), then it exceeded its permissible exercise of discretion by not complying with the three-day notice requirement, and by not holding a hearing on the amount awarded in the judgment.  On the contrary, if the court granted the judgment under Rule 16(f), then it exceeded its proper exercise of discretion by not setting forth the efficacy of lesser sanctions on the record.

In light of our determination to reverse the granting of default judgment, it will not be necessary to decide whether, by not providing Appellant with a hearing on the unliquidated damages awarded, the court violated Rule 55 and denied him the protections of due process.

Because we write only for the parties, is not necessary to set forth the facts in detail.

I.

On November 15, 1999, Latresa Denise Roberts filed a lawsuit alleging, among other things, sexual harassment and a hostile work environment.  She named Storage and Relocation Services,

Hire Solutions, Chris Tingirides, and Mark Haag as co-defendants.

The matter proceeded through various pre-trial proceedings, including an amended complaint by Roberts. After several motions, counsel for the parties filed a Joint Status Report in which it was agreed that a trial would take place in February 2001.

By this time, Tingirides had moved to California and had retained a second attorney there. After the withdrawal of his second attorney, Tingirides wrote a letter to the court, stating the following:

> I would like to appeal to you for an extension for time to try and retain counsel. My former attorney has withdrawn from my case and I have not been able to retain new counsel. Not all attorneys are qualified to handle this type of case therefore it is making it difficult to find a qualified attorney. I am requesting and [sic] an additional 30 days to retain counsel.

Record Excerpts, Tab 5.

The district court construed this letter as a motion for continuance, and denied the motion on January 24, 2001. At this time, Tingirides was not represented by counsel. The Clerk's office did not send him actual notice of the denial, but rather mailed it to Appellant's former counsel of record. On February 2, 2001, a pre-trial conference was held at which Tingirides did not appear. There is no evidence in the record indicating that by this date Appellant had received notice that his request for continuance had been denied. The court stated:

3

Let the record reflect that Ms. Julie Johnson is here on behalf of the plaintiff, but Mr. Tingirides has not appeared, even though it is now 9:12 a.m. by my watch on February 2nd, 2001. It appears that Mr. Tankeredies [sic] is not going to appear . . . It appears to me that he is in default now by virtue of his failure to appear today. And Ms. Juden [sic] I am going to ask you as counsel for the plaintiff to prepare and present appropriate papers to enter a default judgment.

Record Excerpts, Tab 6.

On February 6, 2001, Roberts submitted a motion for default judgment, as well as an affidavit, to the court. The following day, the court entered a default judgment against Tingirides in the amount of $500,000, plus pre and post-judgment interest. In addition, Roberts obtained default judgments against other named defendants. The court later denied Tingirides' Motion for Relief from Judgment. In this action, Tingirides appeals the entry of this default judgment.

## II.

If the foregoing judgment is analyzed as a Rule 16(f) sanction, the proceedings were tantamount to a dismissal. The sanction of dismissal "is the most severe sanction that a court may apply, and its use must be tempered by a careful exercise of judicial discretion." Durgin v. Graham, 372 F.2d 130, 131 (5th Cir. 1967). "In this circuit it is well established that dismissal with prejudice is a drastic remedy to which a court may resort only in extreme situations where there is 'a clear record of delay or contumacious conduct by the plaintiff.'" Silas v. Sears, Roebuck & Co., Inc., 586 F.2d 382, 385 (5th Cir. 1978)

4

(citing <u>Durham v. Florida East Coast Ry. Co.</u>, 385 F.2d 366, 368 (5th Cir. 1967)).

We view the case at bar similar to the circumstances facing us in <u>SEC v. First Houston Capital Res. Fund, Inc.</u>, 979 F.2d at 381. In that proceeding, we confessed that it was "not entirely clear whether the district court entered the default judgment pursuant to Fed. R. Civ. P. 55 or Fed. R. Civ. P. 16 . . ." <u>Id.</u> We held that "[b]ecause sanctions were imposed for failure of the defendant to attend a pretrial conference, Rule 16(f) provides the appropriate rubric under which sanctions should have been dealt." <u>Id.</u>

Because the district court here appears to have entered its default judgment as a sanction for not appearing at pretrial conference, we believe that Rule 16, and not Rule 55(b)(2) is the most appropriate vehicle for analyzing the issues presented.[1] After Tingirides failed to appear at the pre-trial conference, it would be difficult to conclude that the judge intended the default judgment as anything other than a sanction.

We require that three things occur before a dismissal is justified. First, there must be "a clear record of delay or

---

[1]Rule 55(b) states that the court must provide three days notice for a hearing on a default judgment. Appellant correctly notes that the motion for default judgment was submitted to the court on February 6, 2001, and was signed by the Clerk the following day. Hence, if this appeal is analyzed using Rule 55(b), then the judge clearly abused his discretion by not providing the required notice period.

5

contumacious conduct by the plaintiff." Florida East Coast Ry. Co., 385 F.2d at 368. Second, it must be clear that "lesser sanctions would not serve the best interests of justice." Rogers v. Kroger Co., 669 F.2d 317, 320 (5th Cir. 1982). Third, the record must contain evidence that the court actually considered the lesser sanctions, and why it determined that dismissal was the only appropriate remedy.

For the purposes of this decision, we will consider only the third factor. We have stated that:

> [W]e cannot affirm a dismissal unless the district court expressly considered alternative sanctions and determined that they would not be sufficient to prompt diligent prosecution or the record reveals that the district court employed lesser sanctions prior to dismissal (assuming that plaintiff was capable of performing them) that in fact proved to be futile.

Callip v. Harris County Child Welfare Dept., 757 F.2d 1513, 1521 (5th Cir. 1985). Dismissal with prejudice is normally appropriate only if "its deterrent value cannot be substantially achieved by use of less drastic sanctions." Marshall v. Segona, 621 F.2d 763, 768 (5th Cir. 1980). "In fact, in a case which presented a similar problem recently, [this Court] suggested that charging the offending party with the costs and attorney's fees accumulated because of his actions is a more appropriate, and less harsh, sanction than dismissal." McNeal v. Papasan, 842 F.2d 787, 793 (5th Cir. 1988).

There is no evidence in the record that the district court considered any sanctions other than dismissal. We have said that

6

even if the record teems with instances of delay or other egregious behavior, a district court cannot impose the extreme sanction of dismissal "unless the court first finds that a lesser sanction would not have served the interests of justice." Id.

We have repeatedly made clear that before dismissal, the court must not merely consider lesser sanctions, it must make them part of the record. "A silent record is inadequate. We shall not infer that the district judge weighed alternative sanctions; he must have 'expressly considered' them." Callip, 757 F.2d at 1521.

We have emphasized that " . . . where the record does not disclose that the district court considered alternative sanctions, 'findings of fact [on the appropriateness of sanctions short of dismissal] are essential for our consideration of the inevitable argument that the dismissal was an abuse of discretion.'" Id. (citing Hornbuckle v. Arco Oil & Gas Co., 732 F.2d 1233 (5th Cir. 1984)).

Because the record does not indicate that the court considered any alternative sanction, we are constrained to hold that the court exceeded the limits of an appropriate exercise of discretion.

### III.

Having so decided, we are undoubtedly sympathetic with the acute frustration obviously felt by the district court at the time it entered the default order. The record does not indicate

7

that at the time the court entered the order it knew that Tingirides had not been personally notified that his motion for continuance had been denied.[2]  Had the court been so informed, it probably would not have entered the order.

Moreover, both parties are anything but model litigants. Between the time of the initial complaint and the pre-trial conference, Tingirides instructed his prior attorney to withhold contact information from Roberts, and behaved in such a way as to cause two separate attorneys, within a four-month period, to withdraw from representing him.  Robert's behavior does not entitle her to any kudos either, considering that she waited four months after filing the pleading to serve Tingirides with notice of the case, and only did so after the court threatened to dismiss her suit altogether.

*　　*　　*　　*　　*

We **reverse** the judgment of damages entered on the default judgment, **reverse** the default judgment entered prior thereto and **remand** for further proceedings.

S:\OPINIONS\UNPUB\01\01-10412.0.wpd

---

[2]The notice was sent to Appellant's former counsel of record.

8