OPINION OF THE COURT
Per Curiam.
Order, entered June 16, 2010, reversed, without costs, the motion denied, and the sanction award vacated.
This is an action, primarily, to recover a security deposit of $6,800 from defendant Solaris Properties, LLC. After serving upon Solaris a motion purporting to place the underlying action on the trial calendar, plaintiffs’ counsel learned that the proper procedure for calendaring the action for trial in Civil Court was to serve a notice of trial and certificate of readiness (see CCA 1301; 22 NYCRR 208.17 [a]). Based upon this information, counsel declined to file the previously-served motion and, instead, sent an e-mail to Solaris’s counsel to “disregard” the motion.
When Solaris’s counsel requested further information as to whether the motion “ha[d] been withdrawn, adjourned, or was never filed,” plaintiffs’ counsel did not respond, while promising that more information would “be forthcoming.” Solaris’s counsel, apparently unsure of the status of plaintiffs’ motion, prepared opposition papers and appeared on the putative return date only to discover that plaintiffs’ motion had not been initially filed.
Following a hearing on Solaris’s motion for sanctions pursuant to 22 NYCRR 130-1.1, Civil Court imposed a $250 sanction upon plaintiffs’ counsel for frivolous conduct for failing to notify her adversary of the status of the motion. The court noted that “[a] request that counsel ‘disregard’ an application, without more, fails to provide assurance to a diligent attorney that it need not appear on the return date of an adversary’s motion. A courtesy call is appropriate under such circumstances, and would prevent the needless expense of time and effort.” We reverse.
While we share in Civil Court’s displeasure with the apparent lack of professional courtesy exhibited by plaintiffs’ counsel, we *69 conclude that the conduct was not frivolous within the meaning of 22 NYCRR 130-1.1 (c) (see Matter of Frank M. v Siobahn N, 268 AD2d 808, 809 [2000]), since it did not manifest the extreme behavior that courts have traditionally found to merit sanctions (see Hunts Point Term. Produce Coop. Assn., Inc. v New York City Economic Dev. Corp., 54 AD3d 296 [2008]; Matter of Kernisan v Taylor, 171 AD2d 869, 870 [1991]; see generally Levy v Carol Mgt. Corp., 260 AD2d 27, 32-35 [1999]). In this regard, Solaris has failed to show that plaintiffs’ counsel’s failure to notify its counsel that the motion was not filed was conduct “undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another” (22 NYCRR 130-1.1 [c] [2]; see Brocklebank v City of Lockport, 198 AD2d 906 [1993]).
Schoenfeld, J.E, Shulman and Torres, JJ., concur.