EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Laboratorio Clínico Irizarry Guasch<br><br>Recurrente<br><br>v.<br><br>Departamento de Salud (División de Vistas Administrativas)<br><br>Recurrido<br>------------------------------<br>Laboratorio Clínico Sangermeño<br><br>Opositor-Recurrido<br><br>Hospital Metropolitano de San Germán<br><br>Interventor-Recurrido<br>------------------------------<br>Hilda Justiniano García, por sí y en representación de Hilda Justiniano, Inc., Héctor M. Morales Muñoz y la Sociedad Legal de Bienes Gananciales compuesta por ambos<br><br>Recurrentes<br><br>v.<br><br>Oficina de Gerencia de Permisos<br><br>Recurrida<br><br>JI Sites Developers, LLC<br><br>Recurrida | | 2017 TSPR 145<br><br>198 ____ |

Número del Caso: CT-2017-8

Fecha: 3 de agosto de 2017

Abogados y abogadas de las partes:

       Lcdo. Efraín Maceira Ortiz
       Lcdo. José Rodríguez Jiménez
       Lcdo. Carlos Carrillo Jiménez
       Lcdo. Edwin Irizarry Lugo
       Lcda. Loyda Liz Rosas Negrón
       Lcdo. Luis Torres Asencio
       Lcda. Denisse Maysonet Wilkes
       Lcdo. Carlo Rivera Turner
       Lcda. Islaim Rodríguez Luna
       Lcdo. Roberto Otero Ortega
       Lcda. Karen Cruz González

Oficina del Procurador General:

      Lcdo. Luis Román Negrón
      Procurador General

Materia: Paralización de casos pendientes ante el Tribunal de Apelaciones al amparo de la Ley Federal Puerto Rico Oversight, Management, Economic Stability Act (PROMESA), 48 U.S.C. sec. 2101 et seq.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Laboratorio Clínico Irizarry Guasch<br><br>    Recurrente<br><br>       v.<br><br>Departamento de Salud (División de Vistas Administrativas)<br><br>    Recurrido<br><br>Laboratorio Clínico Sangermeño<br><br>     Opositor-Recurrido<br><br>Hospital Metropolitano de San Germán<br><br>     Interventor-Recurrido | CT-2017-0008 | Certificación |
| Hilda Justiniano García, por sí y en representación de Hilda Justiniano, Inc., Héctor M. Morales Muñoz y la Sociedad Legal de Bienes Gananciales compuesta por ambos<br><br>    Recurrentes<br><br>       v.<br><br>Oficina de Gerencia de Permisos<br><br>    Recurrida<br><br>JI Sites Developers, LLC<br><br>    Recurrida | | |

PER CURIAM

En San Juan, Puerto Rico, a 3 de agosto de 2017.

El 3 de mayo de 2017 la Junta de Supervisión y Administración Financiera para Puerto Rico presentó una

petición de quiebra a nombre del Gobierno de Puerto Rico, según lo permite el Título III del *Puerto Rico Oversight, Management, Economic Stability Act* (PROMESA). 48 U.S.C. sec. 2101 *et seq*. En lo pertinente, la sección 301(a) del Título III de PROMESA incorporó las secciones 362 y 922 del Código Federal de Quiebras en torno a paralizaciones automáticas de pleitos contra el deudor y su propiedad. Íd., sec. 2161(a).

El foro apelativo intermedio ordenó la paralización y el archivo administrativo de los casos de referencia. Estos tratan sobre la adjudicación de permisos gubernamentales. En particular, una solicitud de un certificado de necesidad y conveniencia para relocalizar un laboratorio clínico en el Municipio de San Germán y un permiso para construir una torre de telecomunicaciones. Así las cosas, el 18 de julio de 2017, certificamos *motu proprio* y consolidamos dichos casos.

El objetivo principal de la paralización es liberar al deudor de presiones financieras mientras se dilucida el procedimiento de quiebra. Véase, 3 Collier on Bankruptcy, sec. 362.03 esc. 6 ("The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into

bankruptcy". (*citando* H.R.Rep. No. 595, 95th Cong., 1st Sess. 340 (1977)).[1] Por otro lado, cabe señalar que tanto los tribunales federales como los estatales tenemos la facultad inicial de interpretar la paralización y su aplicabilidad a los casos ante nos. In Mid-City Parking, Inc., 332 B.R. 798, 803 (N.D. Ill. 2005)("Nonbankruptcy forums in both the state and federal systems have jurisdiction to at least initially determine whether pending litigation is stayed").[2]

En vista de la jurisdicción concurrente que tiene este Tribunal, y examinados los casos ante nuestra consideración, determinamos que a estos no les aplica la paralización automática de las secciones 362 y 922 del Código Federal de Quiebras, supra. Lo anterior, debido a que, entre otras cosas, estos no involucran reclamación monetaria alguna contra el Estado. Véanse Atiles-Gabriel v. Puerto Rico, 2017 WL 2709757, 2 (D. PR 2017)(J. Gelpí) (donde se rechazó una interpretación excesivamente amplia de la paralización automática bajo PROMESA y se denegó su aplicación a un procedimiento de *hábeas corpus*)("The relief sought concerns a person's liberty; it does not seek a right to payment, nor an equitable remedy for which monetary payment is an alternative remedy"); Vázquez

---

[1] Véase además In re Lezzi, 504 B.R. 777, 779 (2014)(E.D. Penn.)("The automatic stay applies to a broad range of conduct, but in its most conventional application, the automatic stay restrains pending debt collection litigation, thereby furnishing an obvious benefit to the debtor: a 'breathing spell'").

[2] Véanse también In re Lenke, 249 B.R. 1, 10 (D. Az. 2000); In re Singleton, 230 B.R. 533, 538-539 (6th Cir. 1999); M.B. Culhane & M.M. White, *Bankruptcy Issues for State Trial Court Judges*, pág. 23 (American Bankruptcy Institute).

<u>Carmona v. Department of Education of Puerto Rico</u>, 2017 WL 2352153, 1 (D. PR) (J. Gelpí)(donde también se denegó la aplicación de la paralización a un procedimiento de *injunction*)("The relief requested is not monetary damages").

En consecuencia, se revocan las órdenes de paralización que emitió el Tribunal de Apelaciones, se reactivan los casos y se devuelven a dicho foro para que continúe los procedimientos a la brevedad posible. Los casos deberán ser atendidos por el panel del Tribunal de Apelaciones que ordenó la paralización.

Así también, se exhorta al foro apelativo intermedio a proceder con mayor cautela en el contexto de la quiebra gubernamental aquí envuelta y la paralización de pleitos en virtud de PROMESA.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Laboratorio Clínico Irizarry Guasch<br><br>Recurrente<br><br>v.<br><br>Departamento de Salud (División de Vistas Administrativas)<br><br>Recurrido<br><br>Laboratorio Clínico Sangermeño<br><br>Opositor-Recurrido<br><br>Hospital Metropolitano de San Germán<br><br>Interventor-Recurrido<br><br>Hilda Justiniano García, por sí y en representación de Hilda Justiniano, Inc., Héctor M. Morales Muñoz y la Sociedad Legal de Bienes Gananciales compuesta por ambos<br><br>Recurrentes<br><br>v.<br><br>Oficina de Gerencia de Permisos<br><br>Recurrida<br><br>JI Sites Developers, LLC<br><br>Recurrida | CT-2017-0008 | Certificación |

SENTENCIA

En San Juan, Puerto Rico, a 3 de agosto de 2017.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se revocan las órdenes de paralización

que emitió el Tribunal de Apelaciones, se reactivan los casos y se devuelven a dicho foro para que continúe los procedimientos a la brevedad posible. Los casos deberán ser atendidos por el panel del Tribunal de Apelaciones que ordenó la paralización.

Así también, se exhorta al foro apelativo intermedio a proceder con mayor cautela en el contexto de la quiebra gubernamental aquí envuelta y la paralización de pleitos en virtud de PROMESA.

Notifíquese inmediatamente.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


                                    Juan Ernesto Dávila Rivera
                                    Secretario del Tribunal Supremo