EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Departamento de Transportación y Obras Públicas <br><br> Recurrido <br><br> v. <br><br> Servidores Públicos Unidos de Puerto Rico, AFSCME, Local 3889 <br><br> Peticionaria | Certiorari <br><br> 2018 TSPR 61 <br><br> 200 DPR ____ |

Número del Caso: CC-2018-210


Fecha: 17 de abril de 2018


Tribunal de Apelaciones:

                Región Judicial de San Juan y Caguas


Abogada de la parte peticionaria:

                Lcda. Yarlene Jiménez Rosario


Oficina del Procurador General:

                Lcdo. Luis R. Román Negrón
                Procurador General

                Lcdo. Juan Ramírez Ortiz
                Procurador General Auxiliar


Materia: Sentencia del Tribunal con Voto particular disidente.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Departamento de Transportación y Obras Públicas<br><br>      Recurrido<br><br>            v.<br><br>Servidores Públicos Unidos de Puerto Rico, AFSCME, Local 3889<br><br>      Peticionaria | CC-2018-0210 | |

SENTENCIA
(Regla 50)

En San Juan, Puerto Rico, a 17 de abril de 2018.

      Tras evaluar la Petición de *Certiorari* presentada por la peticionaria, se expide el auto solicitado y, por haberse emitido sin jurisdicción, se deja sin efecto tanto la Sentencia que el Tribunal de Apelaciones emitió el 30 de noviembre de 2017 como la Sentencia que el Tribunal de Primera Instancia emitió el 3 de julio de 2017.

      Se devuelve el caso de epígrafe al Tribunal de Primera Instancia y se ordena su archivo administrativo hasta que las partes notifiquen al foro primario que el caso In re: The Financial Oversight and Management Board for Puerto Rico, as representative of The Commonwealth of Puerto Rico, et al., No. 17-BK-3283 (LTS), pendiente ante la Corte de Quiebras ha culminado o que la paralización automática ha sido levantada.

      Lo acordó el Tribunal y lo certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Martínez Torres hace constar la siguiente expresión a la cual se unieron la Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Rivera García:

      El Juez Asociado señor Martínez Torres está conforme por los fundamentos expuestos en su Voto particular de conformidad en el caso de José L.

Morales Pérez v. Policía de Puerto Rico, certificado el 2 de abril de 2018, 2018 TSPR 48. Asimismo, cabe destacar que nosotros no somos el foro con jurisdicción para hacer valer la disposición 362(d)(1) del Código de Quiebras Federal, 11 USC sec. 362(d)(1), sino que es el tribunal federal. Al resolver esto me limito a aplicar el derecho.

El Juez Asociado señor Estrella Martínez emitió un Voto Particular Disidente.

El Juez Asociado señor Colón Pérez hace constar la siguiente expresión:

"El Juez Asociado señor Colón Pérez disiente del curso de acción seguido por una mayoría de este Tribunal por entender que el presente caso, en parte, no quedó paralizado en virtud de lo dispuesto en la Sec. 301(a) del Título III del *Puerto Rico Oversight, Management and Economic Stability Act* (PROMESA), 48 USC sec. 2101, *et seq.* Siendo ello así, éste hubiese expedido el mismo a los únicos fines de permitir la continuación del trámite apelativo ante este Foro y, en consecuencia, dilucidar si correspondía o no reinstalar a la señora Rosa M. Hernández Rosario en su empleo como Oficinista I en el Centro de Servicio al Consumidor (CESCO), adscrito al Departamento de Transportación y Obras Públicas. Respecto a la reclamación por el pago de haberes dejados de percibir que ésta última realiza, el Juez Asociado señor Colón Pérez entiende que la misma debe ser paralizada en virtud de lo dispuesto en el Titulo III de la *Puerto Rico Oversight, Management, and Economic Stability Act* (PROMESA), 48 USC sec. 2101 *et seq.* Sobre el particular, véase su Voto Particular Disidente en *Morales Perez v. Policía de Puerto Rico,* res. el 2 de abril de 2018, 2018 TSPR ___."

La Juez Asociada señora Rodríguez Rodríguez disiente por los fundamentos expuestos en el Voto Particular Disidente del Juez Asociado señor Colón Pérez en Morales Pérez v. Policía de P.R., 2018 TSPR 48.

La Jueza Presidenta Oronoz Rodríguez no intervino.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Departamento de Transportación y Obras Públicas

  Peticionario

       v.

Servidores Públicos Unidos de Puerto Rico, AFSCME, Local 3889

  Recurrido

CC-2018-0210    Certiorari

Voto particular disidente emitido por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ

San Juan, Puerto Rico, a 16 de abril de 2018.

Nuevamente, este Tribunal atiende la paralización automática de un pleito en virtud de la Puerto Rico Oversight Management, and Economic Stability Act, infra. Asimismo, nuevamente este foro opta por paralizar la presente controversia, en su totalidad, sin antes analizar si a la misma le aplica alguna excepción. Por entender que parte del presente litigio no está paralizado, sino que está exceptuado de cumplir con la referida paralización, DISIENTO.

**I**

El presente caso trata sobre la destitución de la Sra. Rosa M. Hernández Rosario (señora Hernández Rosario) de su puesto como Oficinista I en el Departamento de Transportación y Obras Públicas (Departamento). Ello, luego de ésta, alegadamente, haber infringido el Art. 25 de la Ley de Protección Vehicular, 9 LPRA sec. 3224. A raíz de lo anterior, y luego de que el proceso criminal no prosperara en su contra, la señora Hernández Rosario radicó dos quejas ante la Comisión Apelativa del Servicio Público (CASP) para fines de ser reinstalada en su posición y recibir los haberes dejado de percibir por razón de su destitución. El referido foro revocó la determinación del Departamento y ordenó la reinstalación de la señora Hernández Rosario, así como el pago de los haberes dejados de percibir.

Inconforme, el Estado solicitó al Tribunal de Primera Instancia la revisión del laudo emitido por la CASP. A esos efectos, el foro primario dictó sentencia, en la cual revocó el referido laudo. Así las cosas, la Unión de Servidores Públicos de Puerto Rico (la Unión), en representación de la señora Hernández Rosario, presentó un recurso de *certiorari* ante el Tribunal de Apelaciones, el cuál confirmó al Tribunal de Primera Instancia. Por consiguiente, la Unión recurre ante nos para fines de revisar el dictamen emitido por el Tribunal de Primera Instancia y confirmado por el foro apelativo intermedio.

No obstante, en el día de hoy este Tribunal opta por paralizar los procedimientos aplicando erróneamente el Título III de PROMESA, infra.

**II**

**A.**

Según he expuesto en ocasiones anteriores, la paralización automática de litigios, la cual forma eje medular de la presente controversia, está contemplada en el Título III de la Puerto Rico Oversight Management, and Economic Stability Act (PROMESA), 48 USC sec. 2101 et seq. El referido título establece un procedimiento de quiebra y restructuración de deuda *sui generis*, en respuesta a la situación precaria y la crisis fiscal que enfrenta el Gobierno de Puerto Rico. En ese sentido, como parte de ese procedimiento se incluyó una paralización automática de los litigios en contra del deudor, en este caso el Gobierno de Puerto Rico. 48 USC sec. 2106. A su vez, se hizo aplicable a los litigios bajo el Título III lo dispuesto en la sección 362 del Título 11 de Quiebras, 11 USC sec. 362.

Acorde a lo anterior, el texto literal de la sección 362 del Título 11 de Quiebras, 11 USC sec. 362, dispone excepciones, en virtud de las cuales una parte puede pedir que no aplique la paralización en cuestión, para fines de continuar ventilando un litigio contra el deudor. De esa forma, la sección 362(d)(1) establece que una de esas instancias es "for cause, including the lack of adequate

protection of an interest in property of such party in interest". 11 USC 362(d)(1). A esos efectos, en el caso normativo de *In re* Sonnax Indus., Inc., 907 F.2d 1280 (1990 2nd Cir.), el Tribunal de Apelaciones para el Segundo Circuito esbozó los criterios a evaluarse para fines de determinar si un caso está exceptuado de cumplir con la paralización automática. Allí se expusieron los criterios a ser evaluados, a saber:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms. Íd. pág. 1286.

**B.**

Resulta importante recalcar que este Tribunal ha establecido correctamente que posee jurisdicción concurrente para evaluar si, en efecto, un pleito está paralizado en virtud de PROMESA, supra. Véanse, Laboratorio Clínico Irizarry v. Departamento de Salud, res. el 3 de agosto de 2017, 2017 TSPR 145; Lacourt Martínez v. Junta de Libertad Bajo Palabra, res. el 3 de agosto de 2017, 2017

TSPR 144. En el ejercicio de esa jurisdicción concurrente, hemos permitido que se continúen ventilando determinados casos que se intentaron paralizar en virtud de PROMESA, supra. Véanse, Laboratorio Clínico Irizarry v. Departamento de Salud, supra; Lacourt Martínez v. Junta de Libertad Bajo Palabra, supra; Universal Insurance Company v. ELA, Sentencia del 14 de marzo de 2018 AC-2017-0064, (en el cual, en un caso sobre impugnación de confiscación, este Tribunal optó por declarar **no ha lugar** una moción de paralización al amparo del Título III de PROMESA presentada por el Estado).

Del mismo modo, y según expuse en mi voto particular disidente en el caso de Vera González v. Estado Libre Asociado de Puerto Rico, Voto particular disidente del Juez Asociado señor Estrella Martínez en Vera González v. Estado Libre Asociado de Puerto Rico, res. el 19 de marzo de 2018, 2018 TSPR 43, todos "los foros bajo la bandera de los Estados Unidos tienen la facultad concurrente y la obligación de cumplir con el mandato legislativo de aplicar las excepciones contempladas bajo legislación federal que rigen los procesos de quiebra". Íd. pág. 5. Dicho de otra forma, tanto este Tribunal como el Tribunal de Quiebra estamos facultados para evaluar si un caso está sujeto a la paralización automática y, de no estarlo, levantar la misma.[1] Véanse, 28 USC sec. 1334(b); Chang v. Buffington,

---

[1] No aplicar el derecho federal aquí expuesto, expresamente incluido por el Congreso en la Puerto Rico

256 P.3d 694 (Haw. 2011); State v. McWilliams, 178 P.3d 121 (Mont. 2008); Lockyer v. Mirant Corp., 388 F.3d (9th Cir. 2005); *In re* Gruntz, 202 F.3d 1074 (9th Cir. 2000) (en banc review) Janis v. Janis, 684 N.Y.S.2d 426 (N.Y.S. 1998) Commonwealth of Pennsylvania Dept. of Environmental Resources v. Ingram, 658 A.2d 435 (Pa. 1995); Matter of State of New York v. DeFranco Ford, Inc., 202 A.D.2d 592 (N.Y.S. 1994); Citizens First National Bank of New Jersey v. Marcus, 600 A.2d 943 (N.J. Super. Ct. App. Div. 1991); Westlund v. State, Dept. of Licensing, 778 P.2d 40 (Wash. Ct. App. 1989); Brock v. Morysville Body Works, Inc., 829 F.2d 383 (3rd Cir. 1987); Hunt v. Bankers Trust Co., 799 F.2d 1060 (5th Cir. 1986); N.L.R.B. v. Edward Cooper Painting, Inc., 804 F.2d 934 (6th Cir. 1986); *In re* Baldwin-United Corp. Litigation, 765 F.2d 343 (2nd Cir. 1985). Véanse, además, S. W. Sather, Resolving Conflicts Between Bankruptcy and Administrative Law, 11 Tex. Tech. Admin. L.J. 267, 296-298 (2010); R.J. French, The Automatic Stay in Bankruptcy and Contempt Proceedings, 50-Feb. Advocate (Idaho) 15, 15 (2007); J.J. Hargrove, Relief from

_____

Oversight Management, and Economic Stability Act (PROMESA), 48 USC sec. 2101 et seq., sólo desemboca en recrudecer nuestra condición colonial y fallar a nuestro deber ministerial de salvaguardar los derechos constitucionales de un Pueblo que no tuvo participación en la aprobación de PROMESA, supra. Voto particular disidente del Juez Asociado señor Estrella Martínez en Narváez Cortés v. Estado Libre Asociado de Puerto Rico, et al., res. el 21 de febrero de 2018, 2018 TSPR 32. Voto particular disidente del Juez Asociado señor Estrella Martínez en ELA v. El Ojo de Agua Development, Inc., res. el 2 de febrero de 2018, 2018 TSPR 12.

Stay Compendium for State Court Judges, 27 Cal Bankr. J. 30, 30-31 (2003) R.J. Haines, Ninth Circuit Divests State Courts Jurisdiction to Construe and Apply the Automatic Stay, No. 4 Norton Bankr. L. Adviser 1 (1999).

### III

Con tal de analizar cautelosamente si, en efecto, la controversia presente está paralizada, resulta sumamente importante acudir a las decisiones de la Jueza Laura Taylor Swain en casos similares al de autos. Tras evaluar el expediente del caso de Título III, llama la atención el Memorandum Order Granting in Part Motion of Keila Robles-Figueroa For Relief from Automatic Stay (Docket Entry No. 647. Véase, *In re* The Financial Oversight and Management Board for Puerto Rico, et al., Núm. 17 BK 3283 LTS (BK D. P.R. radicado 11 de agosto de 2017) (Docket # 1012). En la referida orden, el Tribunal de Quiebras tuvo ante sí un caso sumamente similar al aquí presente. En ella, determinó bifurcar la acción para fines de continuar ventilando aquello que no fuese una reclamación puramente monetaria. En ese sentido, mantuvo paralizado lo relacionado a la reclamación de haberes dejados de percibir, mas levantó la paralización en cuanto a la controversia sobre la reinstalación. La Jueza Laura Taylor Swain aclaró que los criterios de *In re* Sonnax Indus., Inc., supra, en cuestión eran los siguientes "whether relief would result in a partial or complete resolution of the issues"; "lack of any connection with or interference with the bankruptcy case";

"the interests of judicial economy and the expeditious and economical resolution of litigation", y el "impact of the stay on the parties and the balance of harms". Íd. pág. 3. Al analizar los referidos criterios determinó que:

> Allowing the Appeal to proceed to a determination as to whether Movant is entitled to reinstatement while maintaining the stay as to any monetary claims against the Debtors would not interfere materially, if at all, with the Title III case and would permit efficient resolution of the issue raised in the Appeal. Íd.

Asimismo, y en otras instancias, la Jueza Laura Taylor Swain ha levantado paralizaciones en situaciones en las cuales los criterios de _In re_ Sonnax Indus., Inc., supra, y la economía procesal ameritan que se continué dilucidando el pleito, previo a ejecutarse una sentencia. Véanse, Memorandum Order Granting in Part Motion of Jay Bonilla Sauder For Relief from Automatic Stay (Docket Entry No. 1048), _In re_ The Financial Oversight and Management Board for Puerto Rico, et al., Núm. 17 BK 3283 LTS (BK D. P.R. radicado 13 de septiembre de 2017) (Docket # 1290) ("the Motion is granted in part and the stay is lifted solely to permit all necessary forfeiture determination proceedings in the Lawsuit prior to entry and enforcement of any judgment for damages); Memorandum Order Granting Motion of Javier Pérez-Rivera For Relief from the Automatic Stay, In re The Financial Oversight and Management Board for Puerto Rico, et al., Núm. 17 BK 3283 LTS (BK D. P.R. radicado 12 de julio de 2017) (Docket # 620) ("the motion is granted to the extent that the stay is lifted to allow the rendering

but not the enforcement, of an award in the Arbitration proceeding".).

## IV

Como vemos, el caso en cuestión versa sobre si una controversia en relación a haberes dejados de percibir y reinstalación en el empleo está paralizada, en virtud del Título III de PROMESA, supra. Como quedó demostrado, el presente litigio cumple con una de las excepciones de la paralización automática. Por lo tanto, éste podía ser bifurcado a los fines de atender la controversia en torno a la reinstalación y mantener paralizado el asunto respecto al pago de haberes dejados de percibir. Recordemos que:

> [P]ermitir al recurrido continuar con el litigio de referencia, en ningún sentido perjudica o interfiere con los procedimientos en el Tribunal de Quiebras bajo el Título III de PROMESA. Todo lo contrario, en la medida que los foros judiciales locales ejerzan eficientemente su jurisdicción concurrente en esta materia, se fomentará un mayor grado de eficiencia y agilidad procesal. Voto particular disidente del Juez Asociado señor Estrella Martínez en ELA v. El Ojo de Agua Development, Inc., res. el 2 de febrero de 2018, 2018 TSPR 12.

## V

A la luz de los fundamentos discutidos anteriormente, respetuosamente disiento y, en contrario, hubiera atendido en los méritos el recurso de *certiorari* presentado por la Unión. De igual modo, no hubiera determinado, ab initio, que las sentencias emitidas por el Tribunal de Primera Instancia y el Tribunal de Apelaciones fueron emitidas sin jurisdicción.

Luis F. Estrella Martínez
Juez Asociado