**Hillard T. ROACH and Equestrian Acres Development Corporation, Appellants,**

v.

**The FIRST NATIONAL BANK OF ANCHORAGE and Alaska Title Guaranty Company, Appellees.**

**No. 4845.**

Supreme Court of Alaska.

April 16, 1982.

A. Lee Petersen, A. Lee Petersen, Inc., Anchorage, for appellants.

John R. Beard, Anchorage, for appellees.

Before BURKE, C. J., RABINOWITZ, CONNOR and MATTHEWS, JJ., and DIMOND, Senior Justice.*

OPINION ON REHEARING

PER CURIAM.

In our original opinion in this case, 636 P.2d 608, we held in part that the portion of the superior court's summary judgment dissolving the injunction it had issued against any sale under the Deed of Trust was void for lack of jurisdiction. It is this holding which is the focus of appellees' Petition for Rehearing.

The gist of appellees' position is that injunctive relief could not survive the superior court's dismissal of the underlying claims for damages upon which the injunctive relief was grounded. Appellees further persuasively argue that it is inconsistent for this court to hold that the superior court erred in dissolving the injunction in light of

---

* Dimond, Senior Justice, sitting by assignment made pursuant to article IV, section 11 of the Constitution of Alaska, and Alaska R.Admin.P. 23(a).

our holding that the superior court had jurisdiction to dismiss Roach's claims for breach of contract, negligence and defamation. We agree, and thus conclude that our original opinion should be modified to vacate the holding that the superior court erred in dissolving the injunction it had issued.[1]

COMPTON, J., not participating.

---

1. We also find it significant that on September 14, 1979, prior to the issuance of our original opinion, a single justice order was entered, which provided in part:

    The question of post-judgment injunctive relief is remanded to the Superior Court with instructions to vacate its July 6, 1979, ruling extending the preliminary injunction beyond the date of the entry of judgment.

    Subsequent to the entry of this single justice order appellees foreclosed against appellants after obtaining permission from the bankruptcy court.