# IN THE SUPREME COURT OF THE STATE OF NEVADA

NANYAH VEGAS, LLC, A NEVADA LIMITED LIABILITY COMPANY,

Appellant,

vs.

SIG ROGICH, A/K/A SIGMUND ROGICH, INDIVIDUALLY, AND AS TRUSTEE OF THE ROGICH FAMILY IRREVOCABLE TRUST; ELDORADO HILLS, LLC, A NEVADA LIMITED LIABILITY COMPANY; TELD, LLC, A NEVADA LIMITED LIABILITY COMPANY; PETER ELIADES, INDIVIDUALLY AND AS TRUSTEE OF THE ELIADES SURVIVOR TRUST OF 10/30/08; AND IMITATIONS, LLC; A NEVADA LIMITED LIABILITY COMPANY,

Respondents.

SIG ROGICH, A/K/A SIGMUND ROGICH, INDIVIDUALLY, AND AS TRUSTEE OF THE ROGICH FAMILY IRREVOCABLE TRUST; AND IMITATIONS, LLC, A NEVADA LIMITED LIABILITY COMPANY,

Cross-Appellant,

vs.

NANYAH VEGAS, LLC, A NEVADA LIMITED LIABILITY COMPANY,

Cross-Respondent,

and

ELDORADO HILLS, LLC, A NEVADA LIMITED LIABILITY COMPANY; TELD, LLC, A NEVADA LIMITED LIABILITY COMPANY; AND PETER ELIADES, INDIVIDUALLY AND AS TRUSTEE OF THE ELIADES SURVIVOR TRUST OF 10/30/08,

No. 79917

FILED

JUN 18 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

21-17566

SUPREME COURT
OF
NEVADA

(O) 1947A

Respondents,

NANYAH VEGAS, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
                Appellant,
                    vs.
SIG ROGICH, A/K/A SIGMUND
ROGICH AS TRUSTEE OF THE
ROGICH FAMILY IRREVOCABLE
TRUST; ELDORADO HILLS, LLC, A
NEVADA LIMITED LIABILITY
COMPANY; TELD, LLC, A NEVADA
LIMITED LIABILITY COMPANY;
PETER ELIADES, INDIVIDUALLY
AND AS TRUSTEE OF THE ELIADES
SURVIVOR TRUST OF 10/30/08; AND
IMITATIONS, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
                Respondents.

No. 81038 ✓

NANYAH VEGAS, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
                Appellant,
                    vs.
SIG ROGICH, A/K/A SIGMUND
ROGICH AS TRUSTEE OF THE
ROGICH FAMILY IRREVOCABLE
TRUST; ELDORADO HILLS, LLC, A
NEVADA LIMITED LIABILITY
COMPANY; TELD, LLC, A NEVADA
LIMITED LIABILITY COMPANY;
PETER ELIADES, INDIVIDUALLY
AND AS TRUSTEE OF THE ELIADES
SURVIVOR TRUST OF 10/30/08; AND
IMITATIONS, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
                Respondents.

No. 81238

*ORDER DISMISSING APPEALS IN DOCKET NOS. 81038 AND 81238*

Docket No. 79917 is an appeal and cross-appeal from a final judgment. Docket Nos. 81038 and 81238 are appeals from district court

SUPREME COURT
OF
NEVADA

(O) 1947A

2

orders awarding attorney fees. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

Nanyah Vegas, LLC filed a notice informing this court that it filed a voluntary Chapter 11 bankruptcy case in the United States Bankruptcy Court, District of Nevada. The filing of a bankruptcy petition generally operates to stay, automatically, the "continuation" of any "judicial . . . action . . . against the debtor." 11 U.S.C. § 362(a)(1). An appeal, for purposes of the automatic stay, is considered a continuation of the action in the trial court. Thus, an appeal is automatically stayed if the debtor was the defendant in the underlying trial court action. *See Ingersoll-Rand Financial Corp. v. Miller Mining, Co. Inc.*, 817 F.2d 1424 (9th Cir. 1987). In this matter, it appeared that Nanyah Vegas, LLC, was a plaintiff in the lower court. It thus appeared that the automatic stay may not be applicable to these appeals. We ordered Nanyah Vegas, LLC to show cause why the automatic stay is applicable to these appeals such that they should be dismissed without prejudice.

Nanyah Vegas, LLC responds that the automatic stay provision of 11 USC § 362(a)(1) does not apply because it was the plaintiff in the underlying action. Sig Rogich, individually and as Trustee of The Rogich Family Irrevocable Trust, and Imitations, LLC (collectively Rogich parties) argue that 11 USC § 362(a)(1) applies to these consolidated appeals. The Rogich parties note that Nanyah Vegas, LLC is appealing from a judgment for attorney fees in favor of the Rogich parties and the Rogich parties are cross-appealing from the final judgment. The Rogich parties contend that the appeals of these orders violate the automatic stay because they could impact the property of Nanyah Vegas, LLC's estate. The Rogich parties also

SUPREME COURT
OF
NEVADA

(O) 1947A

assert that dismissal of these appeals would conserve judicial resources. The remaining parties have not filed any replies.

It does not appear that the automatic stay applies to the appeal and cross-appeal from the final judgment where Nanyah Vegas, LLC was the plaintiff in the underlying district court proceedings. *See In re White*, 186 B.R. 700, 705 (9th Cir. B.A.P. 1995). However, we agree that the appeals from the attorney fee orders are a continuation of proceedings against Nanyah Vegas, LLC and thus appear subject to the automatic stay under 11 USC § 362(a)(1). *See Alpern v. Lieb*, 11 F.3d 689, 690 (7th Cir. 1993) (treating defendants' motion for NRCP 11 attorney fees as a separate action against the plaintiff bankruptcy debtor, but holding the stay inapplicable because actions brought pursuant to governmental police or regulatory powers are statutorily exempt from the stay); *Wolgast v. Richards*, 463 B.R. 445, 450 (E.D. Mich. 2012) (concluding that a motion seeking attorney fees from a debtor-plaintiff is automatically stayed under 11 USC § 362(a)(1)); *Roach v. First Nat. Bank of Anchorage*, 636 P.2d 608, 614 (Alaska 1981) (construing defendant's application for fees and costs as a proceeding against the plaintiff bankruptcy debtor covered by the automatic stay), *modified on reh'g by*, 643 P.2d 690 (1982).

Given the applicability of the automatic stay to the attorney fee orders, the appeals in Docket Nos. 81038 and 81238 may linger indefinitely on this court's docket pending final resolution of the bankruptcy proceedings. We conclude that judicial efficiency will be best served if those appeals are dismissed without prejudice. Because dismissal *without prejudice* will not require this court to reach the merits of the appeals and is not inconsistent with the primary purposes of the bankruptcy stay—to provide protection for debtors and creditors—we further conclude that such

dismissal will not violate the bankruptcy stay.[1] *See Indep. Union of Flight Attendants v. Pan Am. World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (holding that the automatic stay does not preclude dismissal of an appeal so long as dismissal is "consistent with the purpose of [11 U.S.C. §362(a)"]; *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995) (holding that a post-bankruptcy petition dismissal will violate the automatic stay "where a decision to dismiss requires the court to first consider other issues presented by or related to the underlying case").

Accordingly, we dismiss the appeals in Docket Nos. 81038 and 81238. The dismissals are without prejudice to Nanyah Vegas, LLC's right to move for reinstatement of the appeals upon either the lifting of the bankruptcy stay or final resolution of the bankruptcy proceedings, if Nanyah Vegas, LLC deems such a motion appropriate at that time.

The appeal and cross-appeal in Docket No. 79917 shall proceed. Nanyah Vegas, LLC shall have 21 days from the date of this order to file and serve the opening brief on appeal and the appendix. Thereafter, briefing shall proceed in accordance with NRAP 28.1(f)(1). As Nanyah Vegas, LLC has already been granted two 90-day extensions of time to file the opening brief and appendix, further extension requests will not be viewed favorably and will not be granted absent demonstration of extraordinary circumstances and extreme need. *See* NRAP 31(b)(3)(B).

---

[1]The automatic stay provides a debtor "with protection against hungry creditors" and gives it a "breathing spell from its creditors" by stopping all collection efforts. *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995) (internal quotation marks omitted). Further, it "assures creditors that the debtor's other creditors are not racing to various courthouses to pursue independent remedies to drain the debtor's assets." *Id.* at 755-56.

Failure to timely file the opening brief and appendix may result in the imposition of sanctions, including the dismissal of the appeal in Docket No. 79917. *See* NRAP 31(d).

It is so ORDERED.

_____, J.
Parraguirre

_____, J.       _____, J.
Stiglich                            Silver

cc:    Hon. Nancy L. Allf, District Judge
       Bailey Kennedy
       Simons Hall Johnston PC/Reno
       Hutchison & Steffen, LLC/Las Vegas
       Eighth District Court Clerk